GUIDRY, Judge.
The defendant, Jeffrey Guidry, was convicted of second degree murder, a violation of LSA-R.S. 14:30.1, and sentenced to life imprisonment without benefit of probation, parole, or suspension of sentence. The defendant contends that the trial court erred in denying his motion for continuance, thereby denying him a fair trial.
The record discloses the following facts. On the evening of May 15,1982, the defendant and a companion were in the Reno Club in Lake Charles, Louisiana. The men decided to leave the club and went out into the parking lot to the defendant’s car. At this point, the defendant saw a girl he knew, whistled at her and waved to her. The victim, a companion of the girl, became angry and began to choke the defendant until the girl convinced the victim to release him. When released, the defendant saw the victim reach into the glove compartment of his truck, at which point the defendant fled. The defendant ran to his grandfather’s house two blocks away, got a .38 caliber pistol out of his grandfather’s car, and returned to the parking lot of the Reno Club. When the defendant returned, the victim was working under the hood of his truck. When he saw the defendant approaching, the victim began to get into the cab of the truck. At this point, the defendant fired four shots at the victim, killing him. The defendant returned to his grandfather’s house, replacing the gun in the glove compartment of his grandfather’s car. He later returned to the Reno Club and was arrested. He was later indicted for second degree murder.
On May 20, 1982, the defendant filed a motion for discovery and inspection seeking authorization to (1) inspect and copy all books, papers, documents, photographs and tangible objects in possession of the State which the State intended to use at trial; and, (2) inspect and copy the results of *1119 physical and mental examinations and of scientific tests or experiments made in connection with the State’s case.
The State filed an answer to defendant’s discovery motion on June 30, 1982, providing the defendant with, among other things, a copy of defendant’s written confession given the night of the shooting. The State also made available photographs of the crime scene, a .38 caliber pistol, four spent rounds from a .38 caliber pistol, and photographs of the place where the pistol was found. The State also advised defendant that he would be notified of any other discoverable evidence coming into the possession, custody, or knowledge of the District Attorney’s office.
On October 27, 1982, one day before the trial began, the Calcasieu Parish Sheriff’s Office conducted two laboratory tests. One test was a ballistics test wherein the four spent .38 caliber rounds recovered from the crime scene were compared to the .38 caliber pistol which the defendant indicated he used in the shooting. The results showed conclusively that the rounds were fired from the pistol. The second test was an analysis of swabs taken from the hands of the defendant following his arrest. The amounts of barium and antimony detected on the swabs indicated that the defendant had either discharged a firearm or been in close proximity to a discharging firearm.
The District Attorney’s office received a copy of the test results on the afternoon of October 27, 1982, whereupon a copy was immediately forwarded to defense counsel. 'The trial began the next morning, October 28, 1982. Prior to the commencement of the trial, defense counsel moved for a continuance on the ground that the results of the tests received the day before necessitated a change in defense tactics, and that there was insufficient time to prepare for the trial in light of the new evidence. The trial court denied the motion for continuance. The correctness of this ruling is the only issue on appeal.
LSA-C.Cr.P. Art. 707 provides that a motion for continuance must be in writing and must allege specifically the grounds upon which it is based. LSA-C.Cr.P. Art. 712 provides that a timely filed motion for continuance may be granted, in the discretion of the court, if there is good ground for the motion.
The denial of a motion for continuance is not ground for reversal absent an abuse of discretion. Generally, a conviction will not be reversed absent a showing of specific prejudice caused by the denial of the motion. State v. Durio, 371 So.2d 1158 (La.1979); State v. Jones, 395 So.2d 751 (La.1981). The requirement that specific prejudice be shown to warrant a reversal is excused only when the preparation time is so minimal that the basic fairness of the proceeding is called into question. State v. Benson, 368 So.2d 716 (La.1979); State v. Jones, supra.
In the instant case, we find no abuse of discretion on the- part of the trial judge. The defendant confessed to shooting the victim, and the fact that he did so was never disputed at the trial. The defense strategy was to show that the defendant fired the gun in self-defense. The results of the ballistics test and gun powder residue test only confirmed the fact that the defendant did indeed fire the weapon which killed the victim, a fact never in dispute. The defendant has failed to show how he has been prejudiced by receiving the test results only one day before the trial, since the tests merely corroborate the defendant’s own admissions, and created no conflict with, nor necessitated any change of, defense strategy.
Neither is a reversal warranted on the ground that the preparation time was so minimal as to call into question the basic fairness of the proceeding. State v. Benson, supra; State v. Jones, supra. We can conceive of no reason why the test results would necessitate additional preparation on the part of defense counsel, since it was already the strategy of defense counsel to admit the shooting and seek acquittal on the basis of self-defense. We might have reached a contrary conclusion with regard to this issue if the test results, received only *1120 one day prior to trial, had been probative of a disputed fact. Under those circumstances, additional time may have been necessary to study the results, investigate the methods used in making the tests, or conduct additional testing. However, the fact that the defendant shot the victim was never disputed, and defendant has failed to show any necessity for additional preparation. There was no abuse of discretion in the trial court’s denial of the motion for continuance.
For the above and foregoing reasons, the conviction and sentence of the defendant, Jeffrey Guidry, are affirmed.
AFFIRMED.