450 So.2d 1287 (1984)
STATE of Louisiana
v.
Wilson CHARLES.
No. 82-KA-2215.
Supreme Court of Louisiana.
April 2, 1984.
*1288 William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., J. Nathan Stansbury, Dist. Atty., Mike Harson, Carrol L. Spell, Jr., Asst. Dist. Attys., for plaintiff-appellee.
Bertrand DeBlanc, Lafayette, for defendant-appellant.
DIXON, Chief Justice.
Defendant Wilson Charles was charged by indictment on March 27, 1980 with the March 8, 1980 attempted forcible rape of his four year old niece. After trial by jury, he was found guilty as charged and sentenced to twenty years at hard labor, without benefit of probation or parole for one year.
On the evening of March 8, 1980, the victim and her eight brothers and sisters, aged three to thirteen, were home alone while their parents were attending a wake. By 10:00 p.m. they had fallen asleep while watching television.
Only two witnesses testified at trial. The twelve year old (at the time of the offense) testified that she awoke at her four year old sister's crying, to see her twenty-five year old uncle, clad only in a shirt, standing over the four year old removing her pants. The twelve year old and a brother fought the uncle until their father drove up. As the father entered the house, he saw the defendant, naked except for a shirt and with penile erection, run from a bedroom. When the children told the father what happened, the father said he accosted the defendant, who took a *1289 swing at the father. The father then attacked defendant, cutting him with a knife.
There was no evidence that the child victim was physically injured.
In his first assignment of error, the defendant complains that the trial court erred in finding him presently sane and able to stand trial. For two weeks in 1977 the defendant had been a patient at the Central Louisiana State Hospital at Pineville. Because of this institutionalization, the defendant requested that a sanity commission report upon his present mental capacity to proceed to trial.
Two physicians were appointed to the commission on May 23, 1980, but no date was set for the sanity hearing. The defendant filed a second prayer for the appointment of a sanity commission on July 17, 1980 and the same two physicians were again appointed. As before, no date was set for the hearing. The defendant was examined by these physicians on July 29, 1980 and on August 13, 1980.
The sanity hearing was finally held on March 2, 1982, the date on which the case had been set for trial, and some nineteen months after the commission had examined the defendant and submitted their reports. Defense counsel requested an instanter subpoena to have the two members of the sanity commission attend the hearing. His request was granted.
"Mental incapacity to proceed exists when, as a result of mental disease or defect, a defendant presently lacks the capacity to understand the proceedings against him or to assist in his defense." C.Cr.P. 641.
The law presumes the defendant's sanity. R.S. 15:432. The defendant bears the burden of establishing by a clear preponderance of the evidence that, as a result of his mental infirmity, he is incompetent to proceed to trial. State v. Brown, 414 So.2d 689, 694 (La.1982).
At the sanity hearing, the trial judge heard the testimony of the two physicians who had examined the defendant. Neither physician supported the defendant's claim of mental incapacity to proceed. Both doctors testified that they had found defendant able to assist in his defense when they examined him; however, neither could say whether or not the defendant was presently competent to stand trial.
The defendant introduced into evidence a certified copy of the records of his 1977 hospitalization at Central Louisiana State Hospital. The defendant had been diagnosed as having moderate mental retardation with behavioral reaction. His I.Q. was measured at 47. No other evidence or testimony was presented to show defendant's incapacity to understand the proceedings against him or to assist in his defense.
"... while subnormal intelligence is a relevant factor in assessing a defendant's present capacity to stand trial, it is not of itself dispositive of the issue...." State v. Brogdon, 426 So.2d 158, 168 (La.1983).
"Mere weakness of mentality or subnormal intelligence does not of itself constitute legal insanity....
. . . . .
A conclusion that one is mentally retarded or defective or diseased does not of itself establish present insanity. However, when mental retardation or defect or disease, alone or in combination, is so severe that a defendant is unable to understand the object, nature, and consequences of the proceedings against him, to communicate with counsel in a meaningful manner, to recall and relate the circumstances connected with the offense, to testify in his own behalf, and to assist reasonably and rationally in a defense of the charge against him, that defendant is, within the contemplation of our law, presently insane and unable to stand trial." State v. Augustine, 252 La. 983, 995-97, 215 So.2d 634, 638-39 (1968).
The defendant did not provide sufficient evidence in support of his contention that he was incapable of standing trial, and the trial judge was not in error in finding the defendant presently sane and able to stand trial.
*1290 Defendant claims that the trial judge based his decision on sanity examinations that were almost two years old at the time of the hearing. He contends that he was not given the opportunity to have his present mental capacity determined.
Defendant had the opportunity to be examined by a physician of his choice, or to be re-examined by the members of the sanity commission. He had the opportunity to develop other evidence in support of his contention of incapacity.
Mental retardation is a static condition not likely to fluctuate over time. State v. Bennett, 345 So.2d 1129, 1139 (La.1977). It is highly probable that the defendant's condition had not changed since the examinations, and that the trial judge could reasonably rely on those reports. The defendant presented no evidence to suggest that his condition changed since the 1980 examinations.
If the defense counsel was aware of a deterioration in his condition that could render defendant presently incapacitated, he had the burden of bringing such evidence to the attention of the trial judge. The trial judge held that the defendant had not met his burden of proof, and, on the record before us, he was not in error in finding the defendant presently sane.
The defense had requested a continuance to allow re-examination of the defendant. However, he presented no evidence to support a need for re-examination. "... The trial court is required to order a mental examination of the defendant only when it has reasonable ground to doubt the defendant's mental capacity to proceed...." State v. Volson, 352 So.2d 1293, 1294 (La.1977); C.Cr.P. 643. The trial judge was not in error in denying the continuance for this purpose.
The defendant contends that the trial judge should have granted a continuance to avoid trial of the case on the same day as the sanity hearing. As the trial court found, counsel was appointed to represent the defendant on March 18, 1980. He had received notice of trial from the clerk of court. He might have requested a sanity hearing in advance of trial. There was no showing of good grounds for a continuance.[1] The trial judge was not in error in proceeding with trial.[2]
The defendant has assigned as Error No. 3[3] the denial of his motion for a new trial. He contends that the evidence was not sufficient to support a conviction; that there was no evidence of an overt act, an essential element of the crime of attempt.
To prove a crime of attempt, the prosecutor must show that the defendant had a specific intent to commit a crime, and that he did "an act for the purpose of or tending directly toward the accomplishing of his object." R.S. 14:27. The defendant has not challenged the finding of specific intent to commit forcible rape, but only the evidence of an overt act.
Both trial witnesses testified that the defendant was not wearing pants or underwear while in the company of these young children. The victim's sister testified that, when the victim's crying woke her and her brother, the defendant was trying to pull the victim's pants off. Defendant's erect penis was exposed when seen by the victim's father.
Any rational trier of fact could have found that the defendant, under the circumstances described above, performed an overt act in furtherance of the rape of this child. The standard of Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979) has been met.
*1291 This assignment of error is without merit.
Defendant argues that there is error patent on the face of the record. He notes that he first raised the issue of his possible mental incapacity on May 20, 1980, by his request for the appointment of a sanity commission. He claims that all steps taken in this criminal prosecution from that date until the date of the sanity hearing on March 2, 1982 are invalid.[4]
Not all errors discoverable on the face of the proceedings are reversible errors. "... Whether a patent error, like other statutory error, requires reversal must be evaluated in light of the potential impact on the fairness of the proceedings." State v. White, 404 So.2d 1202, 1205 (La. 1981).
The defendant was arraigned on June 19, 1980 and pleaded not guilty. There is no prejudice in such a plea. See State v. Watson, 423 So.2d 1130, 1134 (La. 1982). The law supplies "not guilty" as the default plea should the defendant refuse to plea[5] or otherwise fail to plea.[6] The "not guilty" plea may be subsequently changed to a plea of "guilty,"[7] or a plea of "not guilty and not guilty by reason of insanity."[8]
The defendant did not contemporaneously object to the arraignment occurring before the sanity hearing, and could be said to have waived the objection.[9] The trial judge was not made aware of the outstanding order appointing the sanity commission, and was not given an opportunity to prevent or cure any error. State v. Herrod, 412 So.2d 564, 566 (La.1982). The arraignment did not prejudice the defendant.
After the trial judge began jury selection on March 2, 1982, the state moved to amend the indictment to correct the number of the statute under which the defendant was charged. The trial judge permitted the amendment.[10] The defendant then requested a new arraignment under the amended indictment.
Even if the June 19, 1980 arraignment were invalid, the March 2, 1980 arraignment, which followed the finding that *1292 the defendant was competent to stand trial, is valid. His plea was not changed at the second arraignment, and he has shown no prejudice from the earlier proceeding.
The defendant asserts that the trial court erred in denying a post arraignment continuance to allow him fifteen days in which to file pretrial motions. He claims that he is entitled to the fifteen days under C.Cr.P. 521.[11] This code article was added to the law in 1978 in an effort to standardize the time for filing pretrial motions. 39 La.L.Rev. 262, 267 (1978). It was not meant as a guarantor of a new substantive right, as it expressly allows the court to fix a different time in which motions are to be filed.
Counsel was present in court when the grand jury returned its indictment charging the defendant with attempted forcible rape. Counsel filed a motion for reduction of bail, which was ordered, and filed motions for the appointment of a sanity commission on May 20, 1980 and on July 17, 1980, which were granted. On January 13, 1981, defendant's earlier trial date, defense counsel's oral motion for a continuance was granted.
Counsel requested a continuance immediately after the March 2, 1982 arraignment, and after it was denied, was permitted to amend his motion. Defense counsel has taken advantage of his opportunities to file pretrial motions in this case, and has not identified any motion that he unsuccessfully sought to file.
At no time did counsel give the court reason for a continuance, other than a desire for more time to prepare for trial. The defense counsel received adequate notice of trial.
This assignment is without merit. State v. Howard, 414 So.2d 1210 (La.1982).
The conviction and sentence are affirmed.
WATSON, J., concurs with reasons.
WATSON, Justice, concurring.
I respectfully concur, while admitting some doubt about placing a heavy burden of proof on a defendant having an I.Q. of forty-seven to show that he lacked the mental capacity to proceed, that is, that he understood the nature of the charges against him and was able to assist counsel in his defense. It would have been much better to have had a supplementary examination by the physicians who had examined him some nineteen months before trial.
NOTES
[1] "A motion for continuance, if timely filed, may be granted, in the discretion of the court, in any case if there is good ground therefor." C.Cr.P. 712.
[2] "The criminal prosecution shall be resumed if the court determines that the defendant has the mental capacity to proceed." C.Cr.P. 648(A).
[3] The defendant has not briefed an Assignment of Error No. 2. Assignments of error neither briefed nor argued are deemed abandoned. State v. Williams, 362 So.2d 530, 531 (La.1978).
[4] "The defendant's mental incapacity to proceed may be raised at any time by the defense, the district attorney, or the court. When the question of the defendant's mental incapacity to proceed is raised, there shall be no further steps in the criminal prosecution, except the institution of prosecution, until the defendant is found to have the mental capacity to proceed." C.Cr.P. 642.
[5] "A defendant shall plead when arraigned. If he stands mute, refuses to plead, or pleads evasively, a plea of not guilty shall be entered of record. When a defendant is a corporation and fails to appear for arraignment when summoned, a plea of not guilty shall be entered of record." C.Cr.P. 554.
[6] "Any irregularity in the arraignment, including a failure to read the indictment, is waived if the defendant pleads to the indictment without objecting thereto. A failure to arraign the defendant or the fact that he did not plead, is waived if the defendant enters upon the trial without objecting thereto, and it shall be considered as if he had pleaded not guilty." C.Cr.P. 555.
[7] "A defendant may at any time withdraw a plea of not guilty and plead guilty, subject to the limitations stated in Articles 556 through 559." C.Cr.P. 560.
[8] "The defendant may withdraw a plea of "not guilty" and enter a plea of "not guilty and not guilty by reason of insanity," within ten days after arraignment. Thereafter, the court may, for good cause shown, allow such a change of plea at any time before the commencement of the trial." C.Cr.P. 561.
[9] "An irregularity or error cannot be availed of after verdict unless it was objected to at the time of occurrence. A bill of exceptions to rulings or orders is unnecessary. It is sufficient that a party, at the time the ruling or order of the court is made or sought, makes known to the court the action which he desires the court to take, or of his objections to the action of the court, and the grounds therefor.

The requirement of an objection shall not apply to the court's ruling on any written motion." C.Cr.P. 841.
[10] "When there is a variance between the allegations of an indictment or bill of particulars which state the particulars of the offense, and the evidence offered in support thereof, the court may order the indictment or bill of particulars amended in respect to the variance, and then admit the evidence." C.Cr.P. 488.
[11] "Pretrial motions shall be made or filed within fifteen days after arraignment, unless a different time is provided by law or fixed by the court at arraignment upon a showing of good cause why fifteen days is inadequate.

Upon written motion at any time and a showing of good cause, the court shall allow additional time to file pretrial motions." C.Cr.P. 521.