452 So.2d 281 (1984)
STATE of Louisiana, Appellee,
v.
William Roger WISENOR, Appellant.
No. 16028-KA.
Court of Appeal of Louisiana, Second Circuit.
June 6, 1984.
*282 Kidd, Jones & Kidd by Paul Henry Kidd, Monroe, for appellant.
William J. Guste, Jr., Atty. Gen., Baton Rouge, Johnny Parkerson, Dist. Atty., Joseph Mickel and Michael D. Brown, Asst. Dist. Attys., Monroe, for appellee.
Before PRICE, C.J., MARVIN and JASPER E. JONES, JJ.
MARVIN, Judge.
With three assignments of error, Wisenor appeals his conviction by jury of two counts of distribution of marijuana and his sentence on each count to five years at hard labor to be served consecutively.
Defendant's first two assignments do not relate to the trial, but to his motion for a continuance, which was denied, and to the colloquy between the court and his counsel which occurred after the continuance was denied when his counsel told the prospective jurors that he would not "participate" in the trial for reasons that he could not discuss with them. Defendant's third assignment relates to the sentences.
The transcript of the trial was not designated by defendant as a part of the record in this appeal. Defendant was convicted for selling marijuana to undercover narcotics agents on two occasions on November 8, 1982. He was billed for these crimes on November 29 and a lawyer was appointed for him on December 3, 1982. Appointed counsel promptly filed motions for discovery and for a preliminary hearing.
On January 10, 1983, at the scheduled preliminary hearing, hired counsel appeared for defendant and was granted a continuance. After a further continuance, preliminary hearing was held January 19, with hired counsel participating and appointed counsel being formally relieved.
The trial of the case was continued on the dates of February 4, March 14, 15, and April 4. Trial was held on April 6, 1983. The minutes of the court show that on Tuesday, April 4, defendant's counsel was granted a continuance when he "indicated to the court that he was not prepared for trial and requested a continuance until Thursday [April 6] ..." The April 6 minutes show that defendant's counsel "indicated ready for trial, but thereafter moved for continuance, [stating] unpreparedness (see record)."
At the hearing on the motion for continuance, defendant's counsel made these remarks:
"I saw [defendant] in jail on January the 6th, 1983. Now I recall, ... talking to [defendant] once, perhaps twice, maybe even three times, in jail concerning the possibility of a plea bargain. It was my opinion that this was a matter that had to be plea bargained, and I think I relayed that to the state. Primarily my efforts up until sometime in March were geared totally to negotiation of a plea.... I simply ... had gotten busy on a number of matters, and perhaps I'm handling more work than I ought to be handling and through my own workload I failed to really do what was necessary to get ... prepared for trial. I don't in *283 any way indicate that the state misled me. They did not mislead me...."
Denying the continuance, the court said:
"The only grounds for this motion alleged is ... that defense counsel, because of pressure of his practice ... feels that he has not adequately prepared for trial.... in fact, it is admitted that it is not the fault of the state and the Court also takes cognizance of the fact that Mr. Paul Kidd is both a reputable and experienced attorney of the bar, has tried many criminal cases and the Court frankly can't conceive that defense could have any better counsel than Mr. Paul Kidd. * * *
"... [T]he Court recalls that on both times, April 4th, you indicated in court, whether or not it appears on the record, that you felt unprepared. But on April 4th if you felt unprepared then that should have been notice to begin preparation and the allegations you allege that you feel that the District Attorneyother members of the District Attorney's Office, other than the trial attorney, are pushing the matter to trial because of some vendetta with you then that should have forewarned you long ago to be ready for trial on this matter or any other matters. The Court simply cannot allow counsel on the last minute to come in on the day that has been set for trial for ... at least two months and say we feel unprepared, therefore, we want a continuance. Matters would never be reached for trial if defense counsel were allowed to escape until such time as they announce that they feel completely readyprepared for trial ..."
Jury selection then began. After the first prospective juror was tendered by the state to the defense, defendant's counsel stated:
"... I address all members of the jury. You are about to witness an unusual trial and for reasons that I cannot discuss with you, and you may not understand, I will not participate in this trial because I feel that there are reasons that I should not and to do so would lend credence and acceptance and validity to that which I believe should not. So consequently I will not accept or reject, I will simply sit quietly."
After the jury was retired, the court inquired:
"Mr. Kidd, are you aware that the Court can find you in contempt for this activity?"
Counsel answered:
"In all due respect, I believe I have a very valid motion ... that I should not be forced to trial.... If I participate I know what will happen. It will color the motion because I will be aggressive...."
The court concluded:
"[T]he Court feels that ... by your ... omission to act, you're obstructing or interfering with the orderly administration of justice and impairing the dignity of the Court and respect for its authority. You are an officer of the Court, ... and ... you have taken the position that since your motion has failed and you feel that you are being made to try a case that you don't wish to try at this time that you are going to assure that the defendant does not get acomplete representation by your refusal to act. If that's not contempt of Court I don't know what contempt of Court is. * * *
"Now this Court is going to be in recess until 1:30.... Be back here at 1:30 and we will decide then what your actions are going to be; at that point and what the Court's actions will be if you persist in refusing to do your duty as defense counsel. This Court perceives that your duty is to defend this man to the best of your ability. If you haveif your motions are correct, and they may well be, you have the appellate process to protect your client. You have this Court, because I am not trying to force you to trial for [just] any reason. I have merely stated that I feel that you have had the time to prepare this case for trial and the fact that you ... feel or say that you have not done so is no grounds for a continuance in this case. This Court is also aware of the fact that you are very able counsel and that you could try one *284 of these cases easily. You have much more experience at the bar than the counsel for the state. You have almost as much experience at the bar as the Court. So I do not perceive that any argument you have given this Court means that you are not able to proceed with this trial, and if you have been wronged by any decisions or orders of this Court there is the appellate process. The defendant will be amply protected by the appellate procedures of the judicial system. If he has not been granted a fair trial then that can be the finding of the Court, perhaps even the finding of this Court. The Court is going to be in recess until 1:30. At that time a decision will be made on this matter ... be prepared at 1:30 to tell the Court ... if you're going to persist in the actions you have just demonstrated or whether you are going to proceed with this trial and do your duty as defense counsel."
Counsel replied:
"Judge, I do want to note my objection to the ruling of the Court that I must proceed ... and I would also like to give... oral notice of my intent to apply to the Second Circuit Court of Appeals to the ruling of this Court on the proceedings that have happened today, ... I hope that the Second Circuit will accept writs and then stay it."[1]
Defendant concedes that denial of a continuance is not grounds for the reversal of a conviction in the absence of a showing of specific prejudice or abuse of discretion. Certainly this counsel's preparation time (January 10 to April 6) is not so minimal that the basic fairness of the proceeding is obviously questionable. See State v. Guidry, 432 So.2d 1118 (La.App. 3d Cir.1983), writ den., cases cited therein, and State v. Brooks, 431 So.2d 865 (La.App. 2d Cir. 1983). Defendant's argument on his first assignment is that the principle of those cases should not be applied "mechanistically" to these circumstances because his constitutional right to competent counsel is "implicated."
In his second assignment relating to the court's threat to hold his counsel in contempt, defendant argues that the court created an inherent conflict of interest between him and his counsel which was to his "obvious detriment" because it caused his counsel to have "divided loyalties."
The essence of these contentions, which urge reversal and remand for new trial, is that, without "competent" counsel, he did not get the fair trial guaranteed him by the state and federal constitutions. Without the transcript of the trial having been designated as a part of this record by defendant in this appeal, we simply cannot say that his counsel did not competently represent him or that he was not afforded a fair trial. These issues hinge on his counsel's preparedness in the light of what defenses may have been available to defendant. These issues are properly raised in an application for post conviction relief. State v. Burkhalter, 428 So.2d 449 (La. 1983).
From this record, we can, and do, determine that the trial court did not err either in denying the continuance or in threatening to hold defendant's counsel in contempt.
As a lawyer and officer of the court, counsel should have known that the court has a duty to require that its proceedings be conducted in an expeditious manner. CCrP Art. 17. Counsel had asked for and obtained a continuance two days before on the grounds that he was unprepared. On April 4, he asked for a continuance until Thursday, April 6, and cannot complain that he was suddenly, and without warning, called to trial on April 6, especially when the case had been set for trial and continued four times. Defendant has not alleged or shown specific prejudice. He knew or should have known that a trial court, in its wide discretion, may or may not grant a continuance on the general grounds of lack of preparation. CCrP Art. *285 712, State v. Robinson, 423 So.2d 1053 (La.1982).
Moreover, once the trial court heard and denied his motion, counsel knew or should have known, contrary to his assertion, "I believe I have [or had?] a very valid motion...", that his remedy was either to apply for writs or to obey the court's ruling.
"... The correctness of a court order or ruling is not contested by deciding to willfully disobey it, without suffering the consequences of that disobedience. Respect for judicial process is a small price for the civilizing hand of law. Absent a showing of transparent invalidity or patent frivolity surrounding the order, it must be obeyed until stayed or reversed by orderly review...." Kidd v. Caldwell, 371 So.2d 247 at 252 (La.1979).
Defendant's counsel here was the relator there. In the circumstances here shown, counsel's claim of detriment to his client is not obvious and is without specificity and his claim of inherent divided loyalty is remote and tenuous.
In this record, we find no error in the trial court's denying a continuance or threatening defendant's counsel with contempt.

SENTENCE ASSIGNMENT
A PSI report was prepared for the court and was reviewed by defendant's counsel, who stated, "there are no inaccuracies in it." This 23-year-old defendant was exposed to consecutive sentences totaling 20 years. He was sentenced to 10 years. The PSI noted three burglary convictions and one conviction for possession of marijuana. Defendant was on parole and probation when he committed the crimes for which he was charged. The court articulated the sentence in accord with CCrP Art. 894.1. The sentence is individualized and is not excessive, in our opinion.
Defendant's complaint that he was sentenced to the Louisiana State Penitentiary contrary to LRS 15:824 is a matter which, if error, may be corrected on appeal. See State v. Siegel, 354 So.2d 525 (La. 1978). That language in the sentence may be mere surplusage because § 824 refers to his commitment and not to the sentence. See Haynes v. Henderson, 480 F.2d 550 (CA5, 1973), rehearing denied. Out of an abundance of precaution, we recast the sentence to delete the reference to the Louisiana State Penitentiary.
Conviction affirmed. Sentence recast and affirmed.
NOTES
[1] Counsel did not apply to this court for writs.