478 So.2d 764 (1985)
STATE of Louisiana, Appellee,
v.
Joseph W. JONES, Appellant.
No. CR85-190.
Court of Appeal of Louisiana, Third Circuit.
November 7, 1985.
*765 Gerald J. Block, Lafayette, for defendant-appellant.
Charles Brandt, Asst. Dist. Atty., Lafayette, for plaintiff-appellee.
Before FORET, DOUCET and YELVERTON, JJ.
FORET, Judge.
Defendant, Joseph W. Jones, was charged by bill of information with armed robbery and attempted first degree murder, in violation of LSA-R.S. 14:64 and 14:27, 14:30. On September 12, 1984, a twelve-person jury found him guilty of both charges.
The defendant was sentenced to serve sixty (60) years at hard labor, without benefit of probation, parole, or suspension of sentence for the charge of armed robbery and fifty (50) years at hard labor for the attempted first degree murder charge. These sentences are to run concurrently. Defendant has appealed his convictions and sentences, urging eight assignments of error.

*766 FACTS
On May 2, 1983, defendant and a co-defendant robbed and shot Emery Hebert. The two boarded Hebert's taxicab at the Lafayette Greyhound Bus Terminal and requested that they be driven to a dead-end street on Vermilion Bayou. Upon arrival at the requested destination, defendant and the co-defendant robbed Hebert at gunpoint and defendant shot Hebert twice, once in the side and once in the foot.

ASSIGNMENT OF ERRORS NO. 1 and 2
By these assignments, defendant contends that the trial court erred in denying his motion for continuance and in setting the sanity commission hearing for the same date as that of trial.[1]
On April 10, 1984, defense counsel moved for the appointment of a sanity commission to examine the defendant and determine his capacity to proceed and his capacity at the time of the commission of the offense. The record reflects that defendant's motion for a sanity hearing and the appointment of a sanity commission, composed of Drs. William P. Cloyd and David Regan, was granted on April 16, 1984. The two psychiatrists submitted their reports on May 1 and May 18 of 1984; both finding that defendant was sane at the time of the commission of the offenses and was capable of proceeding to trial. On September 11, 1984, the court set the hearing for 10:30 A.M. and for trial at 1:30 P.M. At that time defense counsel filed a motion for continuance stating that he was not prepared for the hearing. He based his motion on the contention that the sanity hearing had never taken place and that he never received a copy of the doctors' findings or reports. He claims that when the docket was sounded, defendant moved for a continuance based on the fact that because there had been no hearing, defendant's capacity to proceed had not yet been determined. We quote the trial court's reasons for denying defendant's motion:
"You knew that the matter was set for trial today and that it had to be taken care of before one-thirty (1:30), Mr. Block. Your motion is denied...."
The sanity hearing was held, over defendant's objection, finding defendant capable of proceeding, and trial commenced on September 13, 1984.
The grant or denial of a motion for continuance is within the sound discretion of the trial court, and it will not be overturned absent an abuse of that discretion. State v. Washington, 407 So.2d 1138 (La. 1981); State v. Johnson, 440 So.2d 197 (La.App. 3 Cir.1983), writ denied, 444 So.2d 1240 (La.1984); State v. Guidry, 432 So.2d 1118 (La.App. 3 Cir.1983). Only when preparation time is so minimal that basic fairness of the proceeding is called into question will specific prejudice mandating conviction reversal be present. State v. Guidry, supra.
In State v. Charles, 450 So.2d 1287 (La.1984), defendant argued that a continuance should have been granted to avoid trial of a case on the same day as a sanity hearing. The Supreme Court disagreed and stated that defense counsel had notice of the trial and "might have requested a sanity hearing in advance of trial." State v. Charles, supra, at 1290. In the case before us, defense counsel knew when the trial was to commence, knew that the sanity hearing had not yet been held and would have to occur before the trial, and had ample opportunity to request a hearing in advance of the trial. We do not believe that the trial court erred in denying defendant's motion for a continuance.
For the foregoing reasons, we find these assignments without merit.

ASSIGNMENT OF ERROR NO. 3
This assignment was not briefed and, therefore, is considered abandoned. State v. Jimmerson, 432 So.2d 1093 (La.App. 3 Cir.1983); State v. Dewey, 408 So.2d 1255 (La.1982).

*767 ASSIGNMENT OF ERROR NO. 4
By this assignment the defendant alleges that the trial court erred in failing to delete references regarding defendant's willingness to strike a co-defendant from defendant's confession. Defendant contends that the phrase referred to other crimes and that it was irrelevant.
The disputed phrase was included in defendant's confession to police officers. Defendant commented that as his co-defendant took the victim's wallet, he told the victim, "She could be wrong, don't hit her, I'll take care of her, I'll hit her."
The trial court overruled defendant's objection to the introduction of the phrase[2]. The trial judge noted that, "It's not an offense, he hasn't done it ...". Defendant did not state that he hit his co-defendant and therefore was not referring to a committed offense. Other crime evidence is generally inadmissible. State v. Brown, 428 So.2d 438 (La.1983); State v. Germain, 433 So.2d 110 (La.1983). However, in this case, the defendant's statement is not a reference to other crime evidence.
In addition, defendant alleges that the contested phrase is irrelevant. LSA-R.S. 15:441 provides:
"Relevant evidence is that tending to show the commission of the offense and the intent, or tending to negative the commission of the offense and the intent.
"Facts necessary to be known to explain a relevant fact, or which support an inference raised by such fact, are admissible."
The trial court has wide discretion in the determination of the relevancy of evidence and, absent a clear abuse of that discretion, its ruling should not be disturbed. State v. Rault, 445 So.2d 1203 (La.1984), cert. denied, ___ U.S. ___, 105 S.Ct. 225, 83 L.Ed.2d 154 (1984); State v. Armstrong, 453 So.2d 1256 (La.App. 3 Cir.1984), writ denied, 457 So.2d 16 (La.1984); State v. Miles, 402 So.2d 644 (La.1981); State v. West, 419 So.2d 868 (La.1982). We find no abuse of discretion in the case before us.
The statement is relevant to showing the involvement in the crime by both parties. Furthermore, the above quoted phrase was voluntarily made by the defendant during the perpetration of the instant crimes. Certainly it is part of the res gestae. Evidence that forms part of the res gestae of a crime such as spontaneous utterances and declarations is always admissible. State v. Anthony, 427 So.2d 1155 (La.1983); State v. Johnson, 443 So.2d 766 (La.App. 3 Cir. 1983), writ denied, 445 So.2d 451 (La.1984); LSA-R.S. 15:447. Here, defendant's own statement during the commission of the armed robbery was spontaneous, and the words were those of a participant and comprised part of the res gestae. State v. Johnson, supra; LSA-R.S. 15:447. For the above reasons, this assignment lacks merit.

ASSIGNMENT OF ERROR NO. 5
In this assignment of error defendant alleges that the trial court erred in failing to strike the following question, by an interrogating officer, from defendant's confession: "Well, I don't know. That's not what the witnesses say, you chased him 210 feet." Defense counsel, in brief, states that the above statement was hearsay and therefore not admissible.
Hearsay is an out-of-court statement introduced to prove the truth of its content. State v. Chaney, 423 So.2d 1092 (La.1982); State v. Spell, 399 So.2d 551 (La.1981); State v. Weedon, 342 So.2d 642 (La.1977). With certain exceptions, hearsay is inadmissible. LSA-R.S. 15:434.
The interrogating officer's statement does refer to an out-of-court statement which tends to prove the truth of its contenti.e. the defendant chasing the victim. However, the erroneous admission of hearsay may be harmless error beyond a reasonable doubt if "... there was other evidence of the truth of the out of court statements; either the speaker was present for cross-examination, or there was independent *768 evidence which confirmed the hearsay." State v. Banks, 439 So.2d 407 (La.1983), at 410.
Other evidence of the truth of the interrogating officer's statement appears in the record. Mr. Hebert, the victim-speaker quoted by the officer, was present at trial for cross-examination. Therefore, the admission of this hearsay statement was harmless error. For these reasons, this assignment lacks merit.

ASSIGNMENT OF ERROR NO. 6
By this assignment, defendant maintains that the trial court erred in failing to delete any reference to defendant's personal opinion regarding an appropriate sentence from defendant's confession. Defendant argues that the statements were irrelevant, highly prejudicial, and should have been ruled inadmissible.
Defendant's comments were admissions of guilt and were, therefore, relevant. In addition, the determination of relevance lies within the sound discretion of the trial court (see discussion in Assignment of Error No. 4). Possible prejudice was avoided by the trial judge when he instructed the jury that, "Sentencing is not the choice of the defendant or the jury." For these reasons, this assignment lacks merit.

ASSIGNMENT OF ERROR NO. 7
In this assignment, defendant contends that his sentences were excessive under Art. 1, § 20 of the Louisiana Constitution of 1974, as interpreted by State v. Sepulvado, 367 So.2d 762 (La.1979). Defendant Jones was sentenced to fifty (50) years at hard labor for the attempted first degree murder conviction and to sixty (60) years at hard labor without benefit of probation, parole, or suspension of sentence for the armed robbery conviction. These sentences are to run concurrently. "C.Cr.P. Art. 894.1 mandates articulation and recordation of reasons for the imposition of a particular sentence so that the record reflects that the sentence has been particularized for the offender." State v. Collatt, 477 So.2d 177 (La.App. 3 Cir.1985); State v. Guidry, 472 So.2d 349 (La.App. 3 Cir.1985). The established rule in Louisiana is that the articulation of every factor listed in Art. 894.1 is not necessary so long as the record reflects that the court considered those guidelines. State v. Collatt, supra, and cases cited therein.
In this case, the record reflects that the trial court did not adequately consider the guidelines in C.Cr.P. Art. 894.1. Even though the trial court need not articulate every factor which is mentioned in the sentencing guidelines, the record must reflect that it did, at least, consider these guidelines in imposing the sentence. State v. Rainwater, 448 So.2d 1387 (La.App. 3 Cir. 1984); State v. Straughter, 406 So.2d 221 (La.1981). Failure to adequately comply with Art. 894.1 does not necessitate vacating the sentence or warrant a remand for resentencing if the record illumines and supports the sentencing choice. State v. Smith, 430 So.2d 31 (La.1983); State v. Perry, 470 So.2d 426 (La.App. 3 Cir.1985); State v. Rogers, 445 So.2d 174 (La.App. 3 Cir.1984), writ denied, 446 So.2d 1230 (La. 1984).
At the sentencing hearing, the court let the record reflect that defense counsel had a copy of the pre-sentence investigation report and that defense counsel had gone over it with defendant. However, the pre-sentence investigation report was not made of record. Furthermore, the trial judge does not mention the fact that he considered the pre-sentence investigation report in determining defendant's sentences. The sole reason given by the trial court, on which to base defendant's sentences, is the fact that the crime was very serious. Seriousness of the offense is only one factor to be considered. Although the record indicates that defendant has had a history of drug abuse and alcohol abuse and that he has had mental problems, the sentencing judge did not give adequate reasons to support the sentences imposed. Consequently, we have no way of determining whether or not defendant's sentences *769 are excessive. Compliance with sentencing guidelines is an essential aid to an appellate court's review of excessiveness claims. State v. Brown, 440 So.2d 994 (La.App. 3 Cir.1983), writ denied, 444 So.2d 120 (La. 1984); State v. Williams, 446 So.2d 565 (La.App. 3 Cir.1984).
As a result of the trial court's failure to follow the sentencing guidelines, we are unable to measure whether the sentences, which are within the statutory limits, are or are not excessive. There is no evidence that the trial court weighed both aggravating and mitigating circumstances, that the defendant would commit another crime, that the defendant was in need of correctional treatment or custodial environment, or that a lesser sentence would deprecate the seriousness of the crime.
For these reasons, we vacate defendant's sentences and remand to the trial court for resentencing in accordance with the guidelines set forth in C.Cr.P. Art. 894.1.

ASSIGNMENT OF ERROR NO. 8
In this assignment of error, the defendant requests that the court inspect the record for errors patent. Pursuant to LSA-C.Cr.P. Art. 920, the record was reviewed for errors patent. None were found.

DECREE
For the reasons assigned, defendant's convictions are affirmed, sentences vacated, and the case is remanded for resentencing.
CONVICTIONS AFFIRMED, SENTENCES VACATED, AND REMANDED FOR RESENTENCING.
NOTES
[1] The hearing was set for 10:30 A.M. on September 11, 1984, and the trial was set for 1:30 P.M. September 11, 1984. Defense counsel was notified one hour before the time of the hearing.
[2] Actually, defendant requested the deletion from his confession, but the trial court did not agree, and the disputed phrase was allowed to remain.