NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

09-1177


STATE OF LOUISIANA

VERSUS

JAMEY L. STOUT


\*\*\*\*\*\*\*\*\*\*


APPEAL FROM THE
THIRTY-SIXTH JUDICIAL DISTRICT COURT
PARISH OF BEAUREGARD, NO. CR-193-08
HONORABLE C. KERRY ANDERSON, DISTRICT JUDGE


\*\*\*\*\*\*\*\*\*\*


**ELIZABETH A. PICKETT**
**JUDGE**


\*\*\*\*\*\*\*\*\*\*


Court composed of Marc T. Amy, Elizabeth A. Pickett, and Shannon J. Gremillion, Judges.


**AFFIRMED AS AMENDED.**


**Hon. David W. Burton**
**District Attorney - 36th JDC**
**P. O. Box 99**
**DeRidder, LA 70634**
**(337) 463-5578**
**Counsel for State-Appellee:**
**State of Louisiana**

**Mitchel Mark Evans II**
**Attorney at Law**
**416 North Pine Street**
**DeRidder, LA 70634**
**(337) 462-5225**
**Counsel for Defendant-Appellant:**
**Jamey L. Stout**

**Jamey L. Stout**
**Avoyelles Correctional Center**
**1630 Prison Rd.**
**Cottonport, LA 71327**
**Pro se**

**PICKETT, Judge.**

## FACTS

On or about February 9, 2008, the defendant was involved in a physical altercation with the victim. The victim died as a result of injuries sustained in the altercation.

On February 9, 2008, the defendant, Jamey L. Stout, was indicted by a grand jury with second degree murder, a violation of La.R.S. 14:30.1. Pursuant to a plea agreement, the defendant entered a guilty plea to the reduced charge of manslaughter on February 17, 2009. He was sentenced on May 13, 2009, to serve thirty years at hard labor. Following a hearing on the defendant's motion to reconsider sentence, held on June 4, 2009, the trial court amended the sentence by ordering that it be served at the Elaine Hunt Correctional Center. The motion was otherwise denied.

The defendant is now before this court on appeal, asserting that his sentence is excessive.

## ERRORS PATENT

In accordance with La.Code Crim.P. art. 920, all appeals are reviewed by this court for errors patent on the face of the record. After reviewing the record, we find there is one error patent.

At the hearing on the motion to reconsider sentence, the trial court amended the sentence and ordered that the sentence be served at "Elaine Hunt Correctional Center." The trial court stated "I'm not sure that I have any authority to order the Department of Corrections to do so; but we will order it, and if they comply, fine. And if they choose to ignore my order, I don't know that there's anything I can do about that."

1

Louisiana Revised Statutes 15:824 provides in pertinent part:

> A. Notwithstanding any provision of law to the contrary, any individual subject to confinement in a state adult penal or correctional institution shall be committed to the Louisiana Department of Public Safety and Corrections and not to any particular institution within the jurisdiction of the department.

In *State v. Wisenor*, 452 So.2d 281 (La.App. 2 Cir. 1984), on appeal, the defendant complained the trial court sentenced him to the Louisiana State Penitentiary contrary to La.R.S. 15:824. The court found that the language in the sentence may be "mere surplusage because § 824 refers to his commitment and not to the sentence." *Id.* at 285 (citation omitted). However, out of an abundance of caution, the court deleted the reference to the Louisiana State Penitentiary.

There are no other illegalities in the sentence other than the portion suggesting the place the defendant be incarcerated. Additionally, Elaine Hunt Correctional Center was not a part of the trial court's initial sentencing scheme. In the trial court's reasons to impose the thirty year at hard labor sentence, it did not consider any particular institution and only named one after it was suggested by the defendant's counsel. Consequently, we amend the sentence and delete that portion of the trial court's order for the defendant to serve his time at Elaine Hunt Correctional Center and instruct the trial court to note the amendment in the court minutes.

## ASSIGNMENT OF ERROR NUMBER ONE

By this assignment of error, the defendant argues that the trial court failed to properly consider evidence of provocation on the part of the victim. The defendant, however, did not set forth this ground in his motion to reconsider sentence. Pursuant to La.Code Crim.P. art. 881.1, the defendant's failure to include this specific ground in his motion to reconsider sentence precludes him from urging same for the first time

on appeal. Accordingly, the defendant's allegation is not properly before this court and will not be considered herein.

<b><u>ASSIGNMENT OF ERROR NUMBER TWO</u></b>

The defendant argues that the trial court failed to properly consider the mitigating factors set out in La.Code Crim.P. art. 894.1. The record reflects that in arriving at an appropriate sentence, the trial court reviewed the entire record, including discovery provided to the defendant, documentation submitted prior to and at the sentencing hearing, the Presentence Investigation Report, victim impact statement, numerous letters from relatives and friends of both the defendant and victim, and the testimony at the sentencing hearing. The trial court acknowledged its difficulty in determining an appropriate sentence and then reviewed the facts of the case that it found significant as follows:

> I've struggled over the last couple of months, more in particular the last couple of weeks, with: What is justice? What is appropriate to do in this circumstance? A man's life has been taken. He was a father, a husband, a son, an uncle, a friend. In some respects, there's no punishment that would be severe enough in this matter. On the other hand, Mr. Stout is a son and a nephew and a friend, and he has only just turned 28 years old and is a young man who has a life ahead of him.

> I do recognize that Mr. Stout received a tremendous advantage by a plea bargain in this matter. Mr. Stout was facing and very well could have been convicted of second degree murder, which would have carried with it a mandatory life sentence without any other possibility of probation, parole, or suspension of sentence; and a plea bargain in this matter was reached where Mr. Stout pled guilty to manslaughter, in effect capping the punishment at 40 years as opposed to life; and it becomes my decision, then, to decide what, between zero and 40 years, is just in this matter.

> There was a tremendous number of letters from Mr. Stout's family and friends, all basically echoing the same course, and, for that matter, there were a tremendous number of letters and petitions from the family and friends of Mr. Hebert; but the one thing that I want to address, Mr. Stout, is that these letters said over and over again that no one could believe that you had done this act, that you were not capable of it, that

3

you would never intentionally hurt anyone; and yet the evidence in this matter totally contradicts that. First of all, there is a victim who died as a result of this. So, it did happen, and those who refuse to acknowledge that are not facing the reality that a man died and was buried and will never breathe life on this earth again. So, you were capable of it. It did happen. You physically beat another man to death with your bare hands.

Mr. Hebert is not able to tell us his version of what happened. So, the only thing I am left to rely upon is what you had to say about the matter and what the witnesses who were with you had to say about the matter and the physical evidence that was there; and perhaps, to me, the physical evidence speaks the loudest as to what occurred; and my comments that are fixing to follow are not going to be pleasant, but I feel that they need to be stated for the record.

First of all, you are six-five, approximately, and approximately 200 to 225 pounds. Mr. Hebert was approximately five-seven and around 135 pounds. I'm not 100 percent sure whether your stated concern or fear of Mr. Hebert had any basis in reality, but even assuming that it did, there is no evidence that Mr. Hebert threw a punch, other than your own self-serving testimony. There's no physical evidence whatsoever that Mr. Hebert had any defensive wounds on his arms or his hands. There are a number of things that I want to point out from Mr. Hebert's injuries.

First of all, your hands were severely marked, bruised, cut, swollen. There wasn't a single mark on Mr. Hebert's hands, not one, other than a blood smear where he apparently wiped his mouth before he died, to the point that there was not even any blood or marking to show on Mr. Hebert's shirt below his neckline. The evidence is that there was severe bruising around the collarbone area and shoulders of Mr. Hebert where you knelt on your knees on top of him in a defenseless position, and in the witnesses' -- who were with you -- their own words, pounded and wailed away on him until one of them pulled you off of him and said, "That's enough."

In the process, there was blood spatter from Mr. Hebert that reached clean across the roadway into the ditch on the other side 10 to 20 feet away. Mr. Hebert had a tooth that was knocked completely out of his mouth several feet away, lying in the roadway. You broke nearly every bone in Mr. Hebert's face. You completely crushed his cheekbones, his nose. You broke his jaw in two places to the point that his jaw was sticking out of his chin. You fractured his larynx and the hyoid bone under his chin. You crushed his windpipe, and the bloodstains on Mr. Hebert's face all drained toward the road.

I don't say this to be terrorizing the victim's family but to say that the idea that Mr. Hebert was getting up when you left is just an outright

4

untruth.  If Mr. Hebert had started to even so much as sit up, there would have been blood that drained down his face, but all of the blood that drained from Mr. Hebert's face drained straight down towards the road where he never moved more than a couple of inches from one side to the other from the position that you left him when you got through severely beating him.

I don't know what caused that, Mr. Stout.  I'm not in your mind. I wasn't in your mind on that night, but even if that was triggered by some sense in your mind of danger or self-defense, the threat to you or anyone else with you was alleviated probably with the first blow.  The witnesses seemed to indicate that you took Mr. Hebert to the ground with the first blow.

On top of all of that, when you and the other folks left, you were parked behind where Mr. Hebert laid, not behind his vehicle in the same lane of travel where you were parked, but Mr. Hebert was laying in the oncoming lane completely over the center line.  His body was completely in the oncoming lane of traffic, and you had to drive around him and perhaps even off the side of the road to get around him to leave, and you left him laying motionless in an oncoming lane of traffic, which, to me, indicates a tremendous carelessness, if nothing else, for the life of Mr. Hebert.

There does not appear to be any evidence that you intentionally sought Mr. Hebert out or that you went on the night of February 9th looking for someone to injure or kill, but, nevertheless, that did occur.

Mr. Hebert had the very unfortunate situation of his vehicle running out of gas in the middle of the road and had had prior involvement with you and the other folks that night; but even your own testimony at the sentencing hearing did not reveal anything that was threatening in anything that Mr. Hebert said.  Perhaps strange.  The toxicology reports do indicate that Mr. Hebert was intoxicated, but none of which would justify the severe and brutal beating and ultimately his death which resulted.

I researched cases to look at what other Courts have done in situations similar to this, and in one of those cases the phrase was used -- in upholding a sentence, the Court said that, in that case, the killing was senseless, useless, unnecessary, and should not have taken place; and I perhaps could not think of a more appropriate phrase than in this situation.  There was no reason for this to have happened; and what made you stay on top of Mr. Hebert and beat him to the point that he died, I perhaps will never know; and perhaps you will never know, but it is a fact that it happened.

5

In some of the letters that I received and in some of the statements that have been made by the witnesses, this incident was referred to as a, quote, "fight." There is simply no evidence to suggest that there was a fight.

Next, the trial court reviewed the aggravating and mitigating factors set forth in La.Code Crim.P. art. 894.1 as follows:

One: "If the offender's conduct during the commission of the offense manifested deliberate cruelty to the victim," and I find that that is the case in this situation, that there was no reason for you, even if you had feared for your safety or the safety of others, to have continued the beating that occurred in this case.

Two: "The offender knew or should have known that the victim of the offense was particularly vulnerable or incapable of resistance due to extreme youth, advanced age, disability, or ill health." As I've stated earlier, that aggravating circumstance is present in this case just simply looking at the physical statures of you and Mr. Hebert.

Three: "The offender offered or has been offered or given or received anything of value for the commission of the offense." That's not applicable.

Four: "The offender used his or her position or status to facilitate the commission of the offense." That's not applicable.

Five: "The offender knowingly created a risk of death or great bodily harm to more than one person." That's not applicable.

"The offender used threats of or actual violence in the commission of the offense." That is definitely applicable.

Seven: "Subsequent to the offense, the offender used or caused others to use violence, force, or threats with the intent to influence the institution, conduct, or outcome of a criminal proceeding." That's not applicable.

Eight: "The offender committed the offense in order to facilitate or conceal the commission of another offense." Again, that's not applicable.

Nine: "The offense resulted in the significant, permanent injury or significant economic loss to the victim or his family." It resulted in the death of the victim in this case.

6

Ten: "The offender used a dangerous weapon in the commission of the offense." That is not applicable.

Eleven: "The offense involved multiple victims or incidents for which separate sentences have not been imposed." That's not applicable.

"The offender has persistently been involved in similar offenses not already considered as criminal history or as a part of a multiple offender adjudication." That is not entirely applicable. This is a first felony conviction that you have on your record. The pre-sentence investigation report in this matter does indicate that you do have prior involvement with the criminal court system. Primarily, the only convictions you have are minor traffic offenses. However, you were charged in May of 2002 with having committed molestation of a juvenile and indecent behavior with a juvenile, but after a bench trial, were found not guilty; and in June of 2002, you were presented before the Grand Jury on a charge of forcible rape, and the Grand Jury returned no true bill. I do not consider those two specific incidents with great weight because the Grand Jury did not return an indictment, and the Court found you not guilty. However, that is not to say that a not guilty verdict is the same as innocence; but I have not contemplated the enhancement of your sentence in this matter based upon either of those cases because I do not have enough evidence to use those in any reliable way. In common language, I'm not holding the fact that you were charged against you because you were found not guilty.

Thirteen: "The offender was a leader or his violation was in concert with one or more other persons with respect to whom the offender occupied a position of organizer, superior, supervisory position, or any other position of management." Again, not applicable.

Fourteen: "The offense was a major economic offense." Not applicable.

Fifteen: "The offense was a controlled dangerous substance offense, and the offender obtained substantial income or resources from ongoing drug activities." There's no evidence of that.

"The offense was a controlled dangerous substance offense in which the offender involved juveniles in the distribution or trafficking of drugs." Again, not applicable.

Seventeen: "The offender committed the offense in furtherance of a terrorist act." Not applicable.

Eighteen: "The offender foreseeably endangered human life by discharging a firearm" -- not applicable in this case -- "or used,

7

attempted use, or threatened use of physical force against the person or property of another, which, by its very nature, involved a substantial risk that physical force may be used in the course of committing the offense." That part is applicable as an aggravating offense.

Nineteen: "The offender used a firearm or other dangerous weapon while committing or attempting to commit an offense which is an element of the use, attempted use, or threatened use of physical force against the person or property of another and which, by its very nature, involves a substantial risk that physical force may be used in the course of committing the offense." Not applicable.

Twenty: "The offender used a firearm or other dangerous weapon while committing or attempting to commit a controlled dangerous substance offense." Not applicable in this case.

The statute also provides enumerated mitigating circumstances for the Court to consider, such as number twenty-two: "The defendant's criminal conduct neither caused nor threatened serious harm." That's not a mitigating circumstance that would be applicable.

Twenty-three: "The defendant did not contemplate that his criminal conduct would cause or threaten serious harm." You have stated that you did not feel that your conduct would cause or threaten serious harm, but in reviewing the matter under any reasonable or objective standard, that simply cannot be the case. So, that is not a mitigating factor in your favor.

Twenty-four: "The defendant acted under strong provocation." There's no evidence whatsoever that there was strong provocation for this incident. So, that's not a mitigating factor in your favor.

Twenty-five: "There was substantial grounds tending to excuse or justify your criminal conduct, though failing to establish a legal defense." Again, only applicable in a very limited sense.

Twenty-six: "The victim of the defendant's criminal conduct induced or facilitated its commission." Again, I don't find that to be the case.

Twenty-seven: "The defendant has compensated or will compensate the victim for his criminal conduct for damage or injuries sustained." Not applicable. You can't bring Mr. Hebert back.

"The defendant has no history of prior delinquency or criminal activity or has led a law-abiding life for a substantial period of time before the commission of the instant crime." Primarily, that is a mitigating factor in your favor, that you do not have a lengthy criminal

history, although you do have some evidence of involvement with the criminal court system, as I stated earlier.

Twenty-nine: "The defendant's criminal conduct was a result of circumstances unlikely to recur." I can't answer that question.

"The defendant is particularly likely to respond affirmatively to probationary treatment." Again, as I've stated, that would not be applicable in this case.

"The imprisonment of the defendant would entail excessive hardship to him or his dependents." Again, not applicable other than the hardship to yourself.

Thirty-two: "The defendant has voluntarily participated in a pre-trial drug-testing program," which would not be applicable in this case.

And thirty-three: "Any other relevant mitigating circumstances," and, to me, the mitigating circumstances are your age and your lack of a serious criminal record in this matter.

On appeal, the defendant complains that his incarceration during the entire prosecution of this matter is relevant to factors twenty-nine and thirty. The defendant maintains that he led an uneventful life while in custody for more than one year which is relevant to the likelihood of recidivism. At the hearing on the defendant's motion to reconsider sentence, the defendant stressed that the mitigating factors indicate that he was a candidate for rehabilitation, and that there was no indication that he will be a repeat offender. The defendant explained that during his incarceration in a very inhospitable environment, he was never put on "lockdown."

The defendant also directs this court to a psychiatric evaluation performed by Dr. James M. Anderson on August 8, 2008. Dr. Anderson indicates that the trial court requested the evaluation to determine his ability to function in society without being dangerous. Following his evaluation of the defendant, Dr. Anderson concluded:

9

In my opinion Jamey Stout is able to function in society without being dangerous. The medical/psychiatric conditions that he reports have been present for many years. They are not conditions that progress or worsen over time. These risk factors were present prior to the event that resulted in his incarcerations, and during that time he functioned in society.

The defendant, however, did not raise this issue as it relates to his rehabilitation in his motion to reconsider sentence. Pursuant to La.Code Crim.P. art. 881.1, the defendant's failure to include this specific ground in his motion to reconsider precludes him from urging same for the first time on appeal. Accordingly, the trial court's consideration of Dr. Anderson's report is not properly before this court and will not be considered herein.

Lastly, the defendant asserts that his immunity to illness was permanently compromised due to a splenectomy in 2002, and as a result, he has been hospitalized on numerous occasions with multiple immuno-compromised symptomologies/ailments while incarcerated with the Department of Corrections. The defendant indicates that a motion to supplement the record with his recent medical records is pending in the trial court. As such, the defendant's argument as it pertains to this issue is premature and must first be considered before the trial court. Because this ground was not raised in his motion to reconsider sentence, the defendant is precluded from urging same for the first time on appeal pursuant to La.Code Crim.P. art. 881.1. Accordingly, the defendant's health status is not properly before this court and will not be considered herein.

Considering the trial court's thorough consideration of the aggravating and mitigating factors found in the record, we find that the trial court satisfied the requirements of La.Code Crim.P. art. 894.1. Accordingly, there is no merit in this assignment of error.

## ASSIGNMENT OF ERROR NUMBER THREE

In his final assignment of error, the defendant argues that the trial court failed to conduct a transparent review of comparable cases to arrive at a particularized sentence. Based on the jurisprudence cited in his appellate brief, the defendant concedes that the courts favor the maximum forty year sentence when a defendant has pled to the reduced charge of manslaughter in instances where the plea does not fit the reduced charge. The defendant maintains that in the instant case, however, he was over-billed by the prosecution and that the charge of manslaughter squarely fits with the facts of this case. As such, the defendant concludes that the comparative case law does not support the imposition of sentence as harsh as that imposed by the trial court.

However, the defendant did not set forth this ground in his motion to reconsider sentence. Pursuant to La.Code Crim.P. art. 881.1, the defendant's failure to include this specific ground in his motion to reconsider precludes him from urging same for the first time on appeal. Accordingly, the defendant's allegation is not properly before this court and will not be considered herein.

## CONCLUSION

The defendant's sentence is hereby amended, deleting that portion of the trial court's order that the sentence be served at Elaine Hunt Correctional Center and the amendment should be reflected in the court minutes. Otherwise, the defendant's sentence is affirmed.

**AFFIRMED AS AMENDED.**

11