450 So.2d 1073 (1984)
STATE of Louisiana
v.
George A. COX, Jr.
No. KA 83 1402.
Court of Appeal of Louisiana, First Circuit.
May 30, 1984.
*1074 Ossie B. Brown, Dist. Atty., Baton Rouge, for plaintiff-appellee.
Kathleen S. Richey, Baton Rouge, William J. Guste, Jr., Atty. Gen., New Orleans, for defendant-appellant.
Before COVINGTON, COLE and SAVOIE, JJ.
COLE, Judge.
The issue before this court is whether the evidence presented was legally sufficient to prove the element of specific intent.
Defendant, George Allen Cox, Jr., was charged by bill of information with indecent behavior with a juvenile, a violation of La.R.S. 14:81. Defendant was tried by jury and found guilty of attempted indecent behavior with a juvenile.[1] The trial court sentenced defendant to two and one-half years confinement at hard labor, but suspended execution of sentence and placed him on active supervised probation for five years, subject to several special conditions, including service of one year in parish prison. Defendant has appealed this conviction.
The alleged victim was a ten-year old girl. Defendant was a temporary resident in an apartment occupied by this child, her mother, step-father and siblings. He was an acquaintance of the step-father and moved in with the family after experiencing marital problems. Approximately two months thereafter, the child's mother, while checking on the children prior to leaving for work at approximately 4:15 A.M., discovered defendant nude in her daughter's bedroom. He was kneeling by the bed over the child, with his head under a blanket over her lower body. Defendant claimed to be investigating a noise in the bedroom. The child apparently slept through the incident.
On appeal, defendant contends the trial court erred in accepting a verdict based on insufficient evidence and in denying his motion for acquittal.[2]
A trial court cannot refuse to accept a verdict which is proper in form, meets procedural requirements and is responsive to the indictment. La.Code Crim.P. art. 811, et seq.; State v. Oliney, 430 So.2d 1294 (La.App. 1st Cir.1983). Since the verdict herein was not defective in any of these repects, the trial court did not err in accepting it.
Furthermore, it should be noted that motion for acquittal is procedurally proper only in bench trials. La.Code Crim.P. art. 778; State v. Smith, 430 So.2d 31, 44 (La.1983). A proper method of raising insufficiency of the evidence is by motion for a post-verdict judgment of acquittal. See State v. Korman, 439 So.2d 1099 (La.App. 1st Cir.1983). However, we will address the substance of defendant's assignments, which is sufficiency of the evidence to prove the element of specific intent. See State v. Allen, 440 So.2d 1330 (La.1983).
The standard for reviewing sufficiency of the evidence is whether the evidence, viewed in the light most favorable to the State, reasonably permits a finding of guilt. La.Code Crim.P. art. 821(B). Additionally, where the evidence against a defendant is circumstantial in nature, this evidence, assuming every fact proven *1075 which it tends to prove, must exclude every reasonable hypothesis of innocence. La. R.S. 15:438. Defendant argues on appeal that the evidence presented was insufficient to prove he possessed specific intent to commit indecent behavior with a juvenile.
According to the child's mother, she found defendant totally nude beside her daughter's bed, with his head under a blanket over the child's lower body. Defendant testified he was wearing underwear and merely grabbed a blanket from the child's bed to cover himself when he heard someone coming. Resolution of conflicting testimony on factual matters based upon credibility of the witnesses is a matter of the weight of evidence rather than its sufficiency. State v. Norman, 448 So.2d 246, (La.App. 1st Cir.1984).[3] Since determination of the weight of evidence is a question of fact, this court has no jurisdiction to review such determinations upon appeal. La. Const. art. V, Sec. 10(B); State v. Norman, supra. The jury in the present case obviously chose to reject defendant's testimony in favor of that of the child's mother.
In order to prove indecent behavior with a juvenile, the State must prove that the accused committed a lewd or lascivious act upon a juvenile "with the intention of arousing or gratifying the sexual desires of either person." La.R.S. 14:81. Although the existence of such intent is a question of fact, it need not be proven as such, but can be inferred from the attendant circumstances. La.R.S. 15:445. We conclude it could reasonably be inferred from the facts testified to by the child's mother that defendant possessed the specific intent necessary for indecent behavior with a juvenile.
Defendant also argues, however, that the evidence does not exclude every reasonable hypothesis of innocence. He claims he went into the child's bedroom to investigate a noise, which he thought might have been one of the children falling out of bed. He stated that he did nothing more than grab a blanket off the child's bed to cover himself. We reject this argument, finding that it is negated by the fact of defendant's total nudity and the manner in which he was discovered leaning over the child's lower body. We find the evidence does, in fact, exclude every reasonable hypothesis of innocence.
For the foregoing reasons, we affirm defendant's conviction.
AFFIRMED.
NOTES
[1] The jury acquitted defendant on a second count of indecent behavior with a juvenile charged in the same bill of information.
[2] This argument is a combination of assignments of error 6 and 7. Assignments of error 1, 2, 3, 4, 5 and 8 were not briefed and are therefore considered abandoned. Uniform Rules Courts of Appeal, Rule 2-12.4.
[3] Rendered April 3, 1984; Numbers 83 KA 1107 and 83 KA 1108.