KLIEBERT, Judge.
Defendant Alfred Bahm was charged by bill of information with two counts of indecent behavior with a juvenile, LSA-R.S. 14:81, and one count of sexual battery, LSA-R.S. 14:43.1. After waiving a jury, defendant was tried before the bench and found guilty of two counts of indecent behavior with a juvenile. The sexual battery charge was dismissed due to a lack of evidence. Defendant was sentenced to two years in Parish Prison on each count, to run concurrently. Execution of sentence was suspended and the defendant was placed on active probation for five years with special conditions.[1] Defendant now appeals, urging five assignments of error.
The alleged victims, seventeen and thirteen-year-old sisters at the time of trial, identified the defendant as their mother’s boyfriend. The older girl related that over a period of three and one-half years, beginning when she was thirteen, the defendant at various times rubbed her genitals, inserted his finger in her vagina, touched her breasts, and exposed his penis to her. The victim informed her mother of the first incident but was not believed, and she did not report subsequent incidents until she learned the defendant had twice exposed his penis to her thirteen-year-old sister.
The defendant admitted sleeping at the home of the victims’ mother but denied the allegations of the victims, claiming they were motivated by a desire to remove him from the household and get their mother and natural father back together.
In his first assignment, the defendant avers the trial court erred in failing to grant his motion for a mistrial when the following occurred. Defense counsel asked a defense witness, a friend of twenty years *386 and former live-in babysitter of defendant’s children from a prior marriage, whether she was aware of the defendant’s general reputation in the community for truth, veracity and moral character. She replied she was. When asked what the reputation was, she replied, “Very good ... Very well, no problems.” Then on cross-examination the prosecutor asked the witness:
“Suppose I told you that ... one of Mr. Bahm’s children had accused him of exposing himself to her would that change your opinion of his reputation in the community?”
Before the witness answered, defense counsel objected and moved for a mistrial because the question introduced evidence of other crimes against the defendant. The prosecutor made no further references to allegations by the defendant’s daughter. Earlier in the trial Katherine Folse, a child protection investigator for the Office of Human Development, had testified that charges had also been made against the defendant by his daughter.
In State v. Rault, 445 So.2d 1203, 1209 (La.1984), the court stated:
“[6] LSA-C.CR.P. art. 770(2) mandates a mistrial when the prosecutor refers to another crime committed or alleged to have been committed by the defendant as to which evidence is not admissible. The accused may introduce evidence of his character to show he is not the type of person who would commit the particular crime charged. Until he does so, his character is not at issue. State v. Frentz, 354 So.2d 1007 (La., 1978). If the accused does place his character at issue, the state is permitted to “introduce testimony of the bad character of the accused only in rebuttal of the evidence introduced by him to show good character.” LSA-R.S. 15:481.
Cross-examination of a character witness may extend to his knowledge of particular misconduct, prior arrests, or other acts relevant to the moral qualities pertinent to defendant’s crime. State v. Bagley, 378 So.2d 1356 (La., 1979). Such inquiries expose the witnesses’ possible lack of knowledge of defendant’s character, and his standard of evaluation.”
Eight witnesses testified the crimes with which the defendant was charged were inconsistent with the defendant’s character; thus, the defendant’s character was at issue. As the defendant initiated inquiry on the issue, the state had the right to cross-examine the witnesses as to their knowledge of the defendant’s acts. The disputed question focused directly upon the defendant’s moral character and was intended to expose the witness' lack of knowledge and/or her standard of evaluation.[2] See Rault, supra. Moreover, C.Cr.P. Articles 770 and 775 both indicate Code of Criminal Procedure Article 770 does not apply to bench trials. Further, even if the question was improper, it does not appear the defendant was so unduly prejudiced as to require a dismissal of the case, for Mrs. Folse had already testified that charges had been made by the defendant’s daughter, and the character witness did not answer the prosecutor’s question.
Likewise, the defendant did not suffer undue prejudice, as alleged in defendant’s second assignment of error, when the prosecutor asked the defendant:
“... is it true that you have asked ... your daughter ... to watch you ... have sexual relations...”
Defense counsel moved for a mistrial on the grounds that the prosecutor alluded to other crimes. The trial judge denied the motion, stating:
“Do you really think that a court hearing the case alone could not set those, if improper questioning, aside and pass on this matter? ... although the comments by the District Attorney may certainly fall within conceivable connotation of another crime, action which would be prohibited, nothing in the Court’s research seems to indicate a situation where a mistrial should be ordered in a non-jury *387 trial. The logic of the law being the Court has the ability to in fact exclude inadmissible and unreliable testimony. Article 770 as well as 775 always in their discussion makes reference to the jury. Accordingly, I do not find a mistrial can be granted in this particular type of case. Further, I do not find a mistrial is warranted since the Court obviously knows how to disregard inadmissible evidence just as it would in any other type of case, will totally disregard the question by the District Attorney in reaching any verdict it may render on this particular matter. ... I will just advise the District Attorney to comply with the Article 770 with respect to his questions and Article 775 with respect to his questions.”
While the inquiry concerning statements the defendant made to his daughter may have been improper, the question was not answered, and we cannot conclude the trial judge abused his discretion in denying the motion for a mistrial. The trial court’s ruling on a motion for a mistrial must reflect an abuse of its discretion before it will be disturbed on appeal. State v. Parker, 416 So.2d 545 (La.1982). Therefore, in our view the defendant’s first two assignments are without merit.
By his third assignment defendant contends the evidence was insufficient to support the convictions. In State v. Captville, 448 So.2d 676, 678 (La.1984) the court noted:
“[1] In reviewing the sufficiency of the evidence to support a conviction, an appellate court in Louisiana is controlled by the standard enunciated by the United States Supreme Court in Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). That standard, which was adopted by the Legislature in enacting La.C.Cr.P. Art. 821 pertaining to postverdict motions for acquittal based on insufficiency of evidence, is that the appellate court must determine that the evidence, viewed in the light most favorable to the prosecution, was sufficient to convince a rational trier of fact that all of the elements of the crime had been proved beyond a reasonable doubt.1” (Footnote omitted)
The defendant was convicted of two counts of indecent behavior with a juvenile. The elements of said offense are:
“(1) the defendant is a person over the age of seventeen; (2) the juvenile is a person under the age of seventeen; (3) there is an age difference greater than two years between the defendant and the juvenile; (4) the defendant committed a lewd or lascivious act upon the person of the juvenile; and (5) the act committed by the defendant was with the intention of arousing or gratifying the sexual desires of either person.”
LSA-R.S. 14:81; State v. Ruple, 426 So.2d 249 (La.App. 1st Cir.1983).
The record shows the defendant was over the age of seventeen (age 40+) and the victims were under the age of seventeen (ages 13 and 16) at the time of the offenses, and there was an age difference greater than two years between the defendant and the victims.
The evidence most favorable to the prosecution is the testimony of the victims. The seventeen-year-old said the defendant had rubbed her genitals and inserted his finger in her vagina, touched her breasts, and exposed his penis to her “fifty or sixty” times over a three year period. The thirteen-year-old testified the defendant had twice exposed his penis to her. The latter incidents prompted the older girl to report the incidents she had experienced. This is sufficient evidence to show that the defendant committed lewd and lascivious acts upon the person of and/or in the presence of the victims. See Ruple, supra.
To establish indecent behavior, the state must prove the lewd or lascivious act upon the juvenile was with the specific intent of arousing or gratifying the sexual desires of either the victim or the defendant.
As was stated in the Ruple case, at page 252:
“... Although a specific intent may be proven by direct evidence, such as by *388 statements of the defendant, it need not be proven as a fact, but may be inferred from the circumstances of the transaction and the actions of the defendant. La.R.S. 15:445; State v. Boyer, 406 So.2d 143 (La.1981); State v. Williams, 383 So.2d 369 (La.1980)
The facts related by the victims here were sufficient for the trial judge to conclude the defendant possessed the requisite specific intent to commit the offense. See State v. Cox, 450 So.2d 1073 (La.App. 1st Cir.1984).
The finder of fact is entrusted with the duty of weighing the respective credibility of witnesses, and its factual determinations will not be disturbed on review unless clearly contrary to the evidence. State v. Richardson, 425 So.2d 1228 (La. 1983); State v. Butler, 450 So.2d 764 (5th Cir.1984). The trial judge chose to believe the testimony of the victims which, when considered in the light most favorable to the prosecution, proved all the elements of indecent behavior with a juvenile beyond a reasonable doubt. Accordingly, we hold the third assignment of error is meritless.
In his fourth assignment defendant contends the trial judge erred in denying his motion for a new trial based upon newly discovered evidence and in furtherance of the ends of justice. LSA-C.Cr.P. Article 851(3) and (5), respectively. This court has previously held that the denial of a new trial based on Article 851(5) “presents nothing for appellate review.” State v. Green, 469 So.2d 1161 (La.App. 5th Cir.1985). See also State v. Toomer, 395 So.2d 1320 (La. 1981).
The “new” evidence presented at the hearing on the motion was school records showing the seventeen-year-old victim’s grades “were well below average, demonstrating a lack of credibility.” However, during trial the victim, although characterizing her grades as average and a little above, admitted she dropped out of school because she failed some subjects. Thus, the evidence submitted by defense counsel was not “new” as it was presented through testimony. Further, defense counsel made no showing that notwithstanding the exercise of reasonable diligence, the records were not discoverable before or during trial. LSA-C.Cr.P. Article 854; State v. Clayton, 427 So.2d 827 (La.1982). Thus, in our view this assignment of error is without merit.
In response to defendant’s fifth assignment of error, we have reviewed the record and determined there are no errors patent on its face.
For the foregoing reasons, the judgment rendered and the sentences imposed by the district court are affirmed.
AFFIRMED.

. Special conditions are that defendant (1) enter the Jefferson Parish Mental Health Clinic for evaluation and treatment and (2) refrain from any contact with the victims.

. The witness earlier stated that the oldest victim was unworthy of belief because "children tend to stretch the truth ... and ... she lied to me ... about homework ...”