524 So.2d 781 (1988)
STATE of Louisiana, Appellee,
v.
Robert KOHL, Appellant.
No. CR87-644.
Court of Appeal of Louisiana, Third Circuit.
February 3, 1988.
*782 Douglas J. Nehrbass, Frederic G. Hayes, Lafayette, for defendant-appellant.
Michell Jackson, Asst. Dist. Atty., Lafayette, for plaintiff-appellee.
Before DOMENGEAUX, FORET and DOUCET, JJ.
FORET, Judge.
Defendant, Robert Kohl, was charged by indictment with two counts of indecent behavior with a juvenile, in violation of La. R.S. 14:81. A jury of six found defendant guilty as charged, and he was sentenced to serve four years at hard labor on each count, with the sentences to run concurrently. *783 On appeal, eight assignments of error are alleged by defendant:
1. The trial court erred in failing to require the state to describe with particularity the alleged dates of each count of the alleged offenses, so as to allow defendant to adequately prepare for the defense and/or to allege with particularity such as to preclude double jeopardy.
2. The trial court erred in that there was no evidence that the requirement that the offender had the "intention of arousing or gratifying the sexual desires of either person" was met, which is an essential element of each count of the crimes charged.
3. The trial court erred in that there was prosecutorial misconduct in the course of the trial in that evidence of another crime, that attempted bribery to affect the outcome of the trial and civil litigation was introduced through improper questioning of the defendant, or in the alternative.
4. The trial court erred in that there was prosecutorial misconduct in the course of the trial in that evidence that the defendant paid Tommy Fountain money to have the charges "settled" through improper questioning of the defendant was introduced.
5. The trial court erred in that evidence obtained through improper questioning by the district attorney of the defendant, brought out over objection that the defendant had paid Tommy Fountain a large sum of money to bring about settlement of the civil case and this action; which questions and the evidence of the actions taken by the defendant in regard to attempting to settle was improper, prejudicial and so prejudicial as to require a new trial.
6. The trial court erred in failing to meet the requirements of La.C.Cr.P. Art. 894.1 as he did not state his reasons for the sentence with sufficient particularity.
7. The trial court erred in that the defendant should have been granted a new trial.
8. The trial court erred in that the defendant should have received a suspended sentence in the absence of granting a new trial.
Evidence produced at trial indicated that defendant's wife provided child-care services for young children at the Kohl's residence in Lafayette Parish. Between September, 1980 and November, 1982, child-care services, including overnight stays, were provided to Nancy Hardin, age 7. Similarly, between January, 1982 and December, 1984, child-care services, including overnight stays, were provided to Kimberly Mier, age 8.
During the course of the overnight visits when Mrs. Kohl baby-sat for Nancy and Kimberly, the two girls testified that defendant would come into the bedroom where they were sleeping, pull down their underwear, and rub parts of his face, beard, hands, mouth, and tongue on their vaginal areas. Nancy testified that this occurred three or four times to her and Kimberly indicated between ten and twenty times to her.
After noticing a significant change in her child's behavior, Kimberly's mother confronted her daughter and learned of these incidents. She later reported same to the police in February of 1985. A police investigation was conducted and resulted in the arrest of the defendant; he was later indicted by the grand jury.

ASSIGNMENT OF ERROR NO. 1
In the first assignment of error, defendant complains that the trial court erred by not requiring the State to specify the dates on which the alleged offenses occurred, thereby depriving him of the opportunity to adequately prepare his defense and/or subjecting him to double jeopardy. Defense counsel's argument on this issue is, "How can you defend charges when you do not know the date? Or how many times?"
La.C.Cr.P. art. 468 provides, in pertinent part:

*784 "The date or time of the commission of the offense need not be alleged in the indictment, unless the date or time is essential to the offense."
Our review of the jurisprudence reveals ample authority contrary to defendant's position. In State v. Case, 357 So.2d 498 (La.1978), defendant argued that the bill of information was vague and indefinite, therefore it failed to inform him of the nature and cause of the offenses with which he was charged. After citing La.C. Cr.P. art. 468, the Court noted that the State advised defendant that the lascivious conduct occurred on numerous occasions at defendant's home during a three-year period. Before concluding defendant's assignment of error lacked merit, the Court stated, "In a continuing sexual relationship of this type, exact dates often cannot be supplied. The record reflects that the State furnished the defendant as much information as was available." See also State v. Cramer, 358 So.2d 1277 (La.1978); State v. Piazza, 478 So.2d 1318 (La.App. 5 Cir. 1985); State v. Ohrberg, 448 So.2d 1316 (La.App. 1 Cir.1984). Given the above cited authority, the trial judge did not commit an error when he refused to require the State to specify the dates of the offenses.
While defense counsel assigns as error the trial judge's error to require the State to specify the dates of the offenses so as to preclude double jeopardy, no argument is presented on that issue, and therefore it will not be addressed.

ASSIGNMENT OF ERROR NO. 2
In this assignment of error, defense counsel contends there is insufficient evidence on the element of specific intent. The standard for reviewing sufficiency of evidence is whether the evidence, viewed in the light most favorable to the prosecution, is sufficient to convince a rational trier of fact that all of the elements of the crime had been proved beyond a reasonable doubt. One of the elements of the crime of indecent behavior with juveniles is the commission of any lewd or lascivious act "... with the intention of arousing or gratifying the sexual desires of either person." Specific intent is defined by La.R.S. 14:10 as "... that state of mind which exists when the circumstances indicate that the offender actively desired the prescribed criminal consequences to follow his act or failure to act." "Although the existence of such intent is a question of fact, it need not be proven as such, but can be inferred from the attendant circumstances." State v. Cox, 450 So.2d 1073 (La.App. 1 Cir.1984).
After citing language from Cox, supra, defense counsel's argument on this issue consists of two sentences. He argues, "Here, the defendant denied all charges, and the victims did not testify as to any arousal of the defendant. There is simply no evidence of an essential element of the crime." Defense counsel's argument indicates he misunderstood La.R.S. 14:81 for it does not require arousal, but only an intention of arousing or gratifying the sexual desires of either person.
One of the victims of this crime testified that defendant entered the room where she was sleeping and pulled her underwear down and began rubbing his face in her vaginal area. Although she was unable to say exactly how many times this occurred, she stated it occurred over fifteen times. The victim was then asked what parts of defendant's body were used to touch her vagina and she responded, "His face, beard, mouth, hands, and tongue." The second victim estimated that on approximately five or six different occasions defendant used his hands, face, and tongue in touching her vagina.
The facts of State v. Bahm, 490 So.2d 384 (La.App. 5 Cir.1986), are similar to those in the instant case. There were two victims in Bahm, and the first testified that defendant rubbed her genitals and inserted his finger in her vagina, touched her breasts, and exposed his penis to her fifty or sixty times over a three-year period. The second victim in Bahm testified that the defendant exposed his penis to her on two occasions. With respect to inferring specific intent from the actions of defendant, the court in Bahm held, "The facts related by the victims here were sufficient for the trial judge to conclude the defendant *785 possessed the requisite specific intent to commit the offense."
The facts testified to by the victims in the present case should be sufficient for a rational trier of fact to conclude that the defendant committed these acts with the intention of arousing or gratifying his sexual desires. Therefore, this assignment of error lacks merit.

ASSIGNMENT OF ERROR NO. 3
Defense counsel assigns as error the introduction of evidence of another crime (attempted bribery) during the trial. After quoting the line of questioning initiated by the prosecution during which the evidence was admitted, defense counsel states: "This was clearly error." The questioning defendant complains of is:
"Q. Do you recall discussing with Captain Peltier how you paid Mr. Fountain to try to get these charges dropped against you?
A. No, it wasn't that at the time.
Q. Did you pay Mr. Fountain $2,500.00 and then another $5,000.00 wired to you by your mother from out of town by Western Union in order to these charges against you dropped?
A. Yes, ma'am."
After the questions were asked and answered, defense counsel made a motion for a mistrial based on the introduction of evidence of another crime, bribery or attempted bribery. La.C.Cr.P. art. 770 provides, in pertinent part, that:
"Upon motion of a defendant, a mistrial shall be ordered when a remark or comment, made within the hearing of the jury by the ... district attorney, ... during the trial or in argument, refers directly or indirectly to:
* * * * * *
(2) Another crime committed or alleged to have been committed by the defendant as to which evidence is not admissible; ..."
La.R.S. 14:118 defines public bribery as follows:
"Public bribery is the giving or offering to give, directly or indirectly, anything of apparent present or prospective value to any of the following persons, with the intent to influence his conduct in relation to his position, employment, or duty:
(1) Public officer or public employee; or
(2) Election official at any general, primary, or special election; or
(3) Grand or petit juror; or
(4) Witness, or person about to be called as a witness, upon a trial or other proceeding before any court, board, or officer authorized to hear evidence or to take testimony.
(5) Any person who has been elected or appointed to public office, whether or not said person has assumed the title or duties of such office.
The acceptance of, or the offer to accept, directly or indirectly, anything of apparent present or prospective value, under such circumstances, by any of the above named persons, shall also constitute public bribery."
During the bench conference, the trial judge asked the attorneys who was Mr. Fountain. The Assistant D.A. replied, "Mr. Fountain is a Private Investigator previously employed by Mr. Hayes who was apparently a friend or associate of the Defendant ..."
Although defendant admitted to paying money to have these charges dropped, this does not appear to be evidence of bribery or attempted bribery. The reason that it is not bribery or attempted bribery is that the person to whom the money was paid, Mr. Fountain, does not fit in any of the categories of persons enumerated in La.R.S. 14:118. The assistant district attorney informed the court that Mr. Fountain was a private investigator, that therefore he is not a public officer or employee; an election official; grand or petit juror; a witness; nor a person elected or appointed to public office.
As defendant limits his argument to evidence of bribery or attempted bribery and it has been shown that the bribery statute is inapplicable, this line of questioning did *786 not introduce evidence of another crime. Therefore, defendant was not entitled to a mistrial under La.C.Cr.P. art. 770, and this assignment lacks merit.

ASSIGNMENTS OF ERROR NOS. 4 and 5
Since defense counsel appears to be arguing the same issues in both assignments of error nos. 4 and 5, these assignments of error will be treated as one. Defense counsel contends that the questioning which brought out the fact that defendant paid someone to have these charges dropped was so prejudicial as to require a mistrial.
La.C.Cr.P. art. 775 requires the granting of a mistrial, upon the motion of a defendant, when prejudicial conduct in the courtroom makes it impossible to obtain a fair trial. The determination as to whether a mistrial should be granted under this provision is within the sound discretion of the trial judge, and denial of a motion for a mistrial will not be disturbed on appeal absent an abuse of that discretion. A motion should be granted only where the defendant suffers such substantial prejudice that he has been deprived of any reasonable expectation of a fair trial. State v. Smith, 433 So.2d 688 (La.1983).
While it must be conceded that defendant's affirmative answer to the question of whether he paid someone money to have these charges dropped was prejudicial, it cannot be said that the prejudice was so substantial as to deprive defendant of any reasonable expectation of a fair trial. Defense counsel did not take the opportunity of redirect examination to rehabilitate defendant regarding what was brought out by the assistant district attorney nor did he request the trial judge to admonish the jury. Hence, the trial judge did not err in refusing to grant a mistrial. Therefore, these assignments of error lack merit.

ASSIGNMENT OF ERROR NO. 6
In this assignment of error, defense counsel asserts that the trial judge failed to comply with La.C.Cr.P. art. 894.1 by not stating reasons for the sentence.
La.C.Cr.P. art. 894.1 requires the trial judge to "... state for the record the considerations taken into account and the factual basis therefor in imposing sentence." It is not necessary for the trial court to articulate every factor presented in Art. 894.1, but the record must reflect that the trial court adequately considered them in particularizing the sentence to the defendant. State v. Cottingin, 476 So.2d 1184 (La.App. 3 Cir.1985). The judge should indicate that he considered not only the factors militating for incarceration, but also any factor mitigating against it. State v. Smith, 426 So.2d 738 (La.App. 3 Cir.1983). Failure to adequately comply with Art. 894.1 does not necessitate vacating the sentence or warrant a remand for resentencing if the record illumines and supports the sentencing choice. State v. Jones, 478 So.2d 764 (La.App. 3 Cir.1985).
The trial judge did not adequately comply with La.C.Cr.P. art. 894.1. Prior to sentencing defendant, the court stated:
"All right.
Mr. Kohl, the Court has ordered a pre-sentence investigation on you, and your record is fairly clean.
There was an arrest back in '79 and another arrest out of state.
However, considering the circumstances of the crime committed, the Court feels that a sentence of four (4) years at hard labor with the Department of Corrections on each case, to run concurrently, would be proper, and the Court will so sentence you."
The court makes reference to a pre-sentence investigation, however, the report from such investigation was not made part of the record. It appears the trial judge considered only two things in sentencing defendant. First, his relatively clean arrest record was given consideration and, second, the circumstances of the crime committed were considered. As the record in the present case is basically devoid of reasons for sentencing, the trial judge failed to comply with Art. 894.1. Therefore, this assignment of error has merit.

ASSIGNMENT OF ERROR NO. 7
In this assignment of error defendant contends the trial court erred in denying *787 the motion for a new trial. The entirety of defense counsel's argument is, "The defendant-appellant should have been granted a new trial for the reasons set forth herein. The court erred in denying the motion for a new trial."
In the motion for new trial, three grounds were alleged for the granting of a new trial. The first dealt with the lack of specification of dates in the indictment, and this issue was dealt with in assignment of error no. 1. The second and third grounds were based on the questioning of defendant with regard to money he paid to have these charges dropped, and these issues were dealt with in assignments of error nos. 3, 4, and 5.
As the grounds for a new trial were the same as assignments of error nos. 2, 3, 4, and 5, no further discussion is required on this assignment of error. It likewise has no merit.

ASSIGNMENT OF ERROR NO. 8
In his final assignment of error, defendant contends he should have received a suspended sentence in the absence of a new trial being granted. La.C.Cr.P. art. 893 (A) provides, in pertinent part:
"When it appears that the best interest of the public and of the defendant will be served, the court, after conviction of a felony for which the punishment is with or without hard labor ... may suspend, in whole or in part, for the first conviction only the imposition or execution of any sentence ..."
Thus, the decision on whether to grant a suspended sentence is within the discretion of the trial judge. La.C.Cr.P. art. 894.1 (B) contains eleven factors which must be given weight by the trial judge in determining whether to suspend the sentence.
As noted in assignment of error no. 6, the record does not reflect that the trial judge gave adequate consideration to the factors in Art. 894.1, and therefore it is not possible to determine if the trial judge abused his discretion in this case. The conclusion reached in assignment of error no. 6 was that remand was necessary for the failure to comply with Art. 894.1 and the same conclusion applies to this assignment of error. This assignment of error appears to have merit.

DECREE
For the foregoing reasons, we affirm the convictions of defendant. We vacate the sentences and remand for resentencing in accordance with law.
AFFIRMED AND REMANDED FOR RESENTENCING.
DOMENGEAUX, J., concurs in part and dissents in part.
DOMENGEAUX, Judge, concurring in part and dissenting in part.
While I agree that the defendant's conviction should be affirmed, I respectfully dissent from the remainder of the majority opinion. I respectfully suggest that my colleagues are being overly technical in remanding this case to require the Trial Judge to articulate his reasons for sentencing in compliance with La.C.Cr.P. art. 894.1. Prior jurisprudence interpreting this article discourages the waste of time and effort in cases just such as this, where the record clearly illuminates the sentence and reflects that the sentence is not excessive. State v. Smith, 430 So.2d 31 (La. 1983); State v. Jett, 419 So.2d 844 (La. 1982); State v. Lutes, 496 So.2d 1327 (La. App. 3rd Cir.1986); State v. Jones, 478 So.2d 764 (La.App. 3rd Cir.1985).
The defendant has appealed his conviction of two counts of indecent behavior with a juvenile, a violation of La.R.S. 14:81. He was sentenced to serve four years at hard labor on each count, with the sentences to run concurrently. Under the present law, the maximum sentence the defendant could have received was seven years at hard labor for each count, and/or a $5,000.00 fine; a total of fourteen years imprisonment and/or a fine of $10,000.00. The defendant's sentence of four years on each count, to run concurrently, requires the defendant to serve only four years at hard labor.
The record shows that the defendant's wife ran a child care service. Over a two year period, the defendant sexually molested *788 two girls, ages 7 and 8, when they stayed overnight at the child care facility. One child testified that the defendant molested her three to four times and the other child estimated that the defendant molested her ten to twenty times. The defendant's offense is particularly serious in light of the fact that he took advantage of these children by representing himself to the general public as a provider of child care, thereby gaining access to his victims by misleading unsuspecting parents into a false sense of security that they were entrusting their children to a responsible child care service.
The severity of the crime is evident from the record and amply supports the relatively light sentence of four years. Hence, under the Supreme Court cases of Smith, supra, and Jett, supra, inasmuch as the record clearly illuminates the sentencing choice and shows that the sentence is not excessive, there is no need to remand for compliance with article 894.1.
For the foregoing reasons, I respectfully dissent from the majority's order remanding this case for resentencing. I otherwise concur with the affirmation of the defendant's conviction.