613 So.2d 1053 (1993)
STATE of Louisiana, Plaintiff-Appellee,
v.
Chip Devane HILLMAN, Defendant-Appellant.
No. CR92-706.
Court of Appeal of Louisiana, Third Circuit.
February 3, 1993.
Writ Denied May 21, 1993.
*1054 George Higgins, Pineville, for defendant-appellant.
Marc Lampert, Asst. Dist. Atty., Alexandria, for plaintiff-appellee.
Before DOMENGEAUX, C.J., and DOUCET and DECUIR, JJ.
DOUCET, Judge.
The defendant, Chip Devane Hillman, appeals from a conviction of molestation of a juvenile and the sentence imposed as a result of the conviction.
The victim was the ten-year-old daughter of the defendant's lover. The defendant worked in a store owned by the victim's parents. After the defendant left his wife, the mother of the victim left her husband, and the defendant and his lover moved into separate but adjacent trailers on the property of the lover's parents. The defendant would occasionally act as a babysitter for the victim and her two younger sisters while the mother worked.
While babysitting the children, defendant would allow the two younger girls to go outside and keep the victim inside the trailer. The victim described how defendant would masturbate in her presence, usually while he was guarding the door in case someone tried to come inside. At trial, she described how some "white stuff" came out when defendant masturbated and how he told her that it would make babies. Defendant would ask the victim to hold his penis and masturbate him, pleading and *1055 begging until she would finally acquiesce. She further described how defendant showed her some sexually explicit pictures of his ex-wife, and a pornographic magazine containing a nude picture of defendant's thirteen-year-old cousin. Defendant further made the victim watch him replay a sexually graphic scene from the R-rated movie, Blue Steel, and told her when she grew up she would look like the naked woman in the scene.
The defendant fondled the victim's breasts. The defendant also inserted his finger into her vagina on several occasions. When the victim would protest that it hurt her, defendant would tell her if he did it then, it would not hurt her later when she was married. The defendant attempted to have the victim perform oral sex, but when she said no, defendant told her he would make it where she could not taste it.
These acts occurred from March until November of 1990. The victim did not tell her mother what defendant was doing to her. Nor did she tell her father, a former policeman, when she was seeing him during visitations. It was not until November 1990, that the victim told Michelle Hoyt, a friend of her father, that defendant would make her watch dirty movies. Mrs. Hoyt tried to act calm and later told her husband who then informed the victim's father what the victim had said. Apparently nothing happened because ten days later, Mrs. Hoyt and her husband were again visiting with the victim's father, and the victim told Mrs. Hoyt even more about what defendant did to her and in her presence.
After the authorities were notified, the victim was not given a physical examination to possibly confirm that defendant committed any sexual abuse upon her. However, she was seen by Dr. Daniel Lonowski, a clinical psychologist. At trial, Dr. Lonowski was recognized as an expert in the field of clinical psychology. After meeting with the victim twenty-four times and conducting a battery of tests, Dr. Lonowski was of the opinion that she was a victim of sexual abuse because she exhibited many of the characteristics consistent with a victim of child sexual abuse. Among the factors considered were her use of obscene slang words which were neither age appropriate words nor words she was exposed to by her parents.
The defendant was charged by bill of information with molestation of a juvenile, a violation of La.R.S. 14:81.2. Defendant waived his right to trial by jury. He testified on his own behalf and denied any improper conduct with the victim. After the presentation of evidence, the trial judge found defendant guilty as charged.
The defendant appealed and assigned eight errors concerning the sufficiency of the evidence, the psychologist's testimony, the sentencing of defendant, the admissibility of evidence, and the order of presentation of evidence.
A review of the record reveals no errors patent.

SUFFICIENCY OF THE EVIDENCE
The defendant argues that the evidence adduced at trial was not sufficient to support a guilty verdict. When the issue of sufficiency of evidence is raised on appeal, the critical inquiry of the reviewing court is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560, rehearing denied, 444 U.S. 890, 100 S.Ct. 195, 62 L.Ed.2d 126 (1979); State ex rel. Graffagnino v. King, 436 So.2d 559 (La.1983); State v. Duncan, 420 So.2d 1105 (La.1982); State v. Moody, 393 So.2d 1212 (La.1981). It is the role of the fact finder to weigh the respective credibility of the witnesses, and therefore the appellate court should not second guess the credibility determination of the trier of fact beyond the sufficiency evaluations under the Jackson standard of review. See State ex rel. Graffagnino, supra, citing State v. Richardson, 425 So.2d 1228 (La. 1983).
In order for the State to obtain a conviction, it must prove the elements of the crime beyond a reasonable doubt. The crime of molestation of a juvenile, La.R.S. *1056 14:81.2, was added by the Louisiana Legislature in 1984. This crime is identical to indecent behavior with a juvenile, La.R.S. 14:81, except that Section 81.2 requires the lewd or lascivious act be committed by the use of force, violence, duress, menace, psychological intimidation, threat of great bodily harm, or by the use of influence by virtue of control or supervision over the juvenile.
Molestation of a juvenile is defined as:
"... the commission by anyone over the age of seventeen of any lewd or lascivious act upon the person or in the presence of any child under the age of seventeen where there is an age difference of greater than two years between the two persons, with the intention of arousing or gratifying the sexual desires of either person, by the use of force, violence, duress, menace, psychological intimidation, threat of great bodily harm, or by the use of influence by virtue of a position of control or supervision over the juvenile." La.R.S. 14:81.2 A.
In order to convict a defendant of the crime of molestation of a juvenile, the State must prove that defendant is over the age of 17 and the victim is under the age of 17, and there is an age difference of more than two years. Also, the State must prove the defendant committed a lewd or lascivious act upon the victim or in the presence of the victim intending to arouse or to gratify the sexual desires of the defendant or victim. The commission must be by use of force, violence, duress, menace, psychological intimidation, threat of great bodily harm, or by use of influence by virtue of a position of control or supervision over the victim.
The State presented evidence that defendant was 40 years of age when he committed the charged offenses, and the victim was ten years of age. The evidence also established that defendant exercised a position of control or supervision over the victim since he was a babysitter, and used this position of control or supervision to commit the crime.
Some of the defendant's acts were committed upon the victim's person and some of defendant's acts were committed in her presence. La.R.S. 14:81.2 requires that these acts be "lewd or lascivious" and committed with the intent to arouse or gratify the sexual desires of the accused or victim. Actual arousal of the accused or the victim is not necessary; the intent to arouse is sufficient. State v. Roberts, 541 So.2d 961 (La.App. 2nd Cir.1989), citing State v. Kohl, 524 So.2d 781 (La.App. 3rd Cir.1988).
Several Louisiana Supreme Court cases have dealt with the definition of lewd or lascivious acts intended to arouse or gratify the sexual desires of the defendant or the victim. In State v. LeBlanc, 213 La. 404, 34 So.2d 905 (1948), rehearing denied, the defendant, upon approaching two 16-year-old girls on the street, opened his pants and "exposed his person" to them. This indecent sexual display was deemed indecent behavior with juveniles since defendant's actions were deliberate, intentional, and could have no other purpose than to arouse his sexual desires. LeBlanc, supra, 34 So.2d at 907. As stated in State v. Saibold, 213 La. 415, 34 So.2d 909 (1948), rehearing denied, "when the term `lewd' is associated with the word `lascivious' it connotes actions or gestures of a lustful and lecherous nature." Saibold, 34 So.2d at 911. See also, State v. Prejean, 216 La. 1072, 45 So.2d 627, 629-630 (1950).
Concerning the acts of defendant committed upon the victim, fondling her breasts, inserting his finger into her vagina, and forcing her to touch his penis, these lewd and lascivious acts were committed by defendant with the intent to arouse or gratify the sexual desires of defendant or his victim. See State v. Kohl, supra; State v. Roberts, supra; and State v. Bahm, 490 So.2d 384 (La.App. 5th Cir.1986). Those acts which defendant committed in the victim's presence included masturbating and exhibiting sexually explicit photographs and movies. These acts were lewd and lascivious since they were of a lustful and lecherous nature and could have no other purpose than to arouse the defendant's sexual desires. As noted in State v. Mitchell, 466 So.2d 514 (La.App. 3rd Cir.1985), writ *1057 denied, 467 So.2d 1121 (La.1985), masturbating in the presence of a juvenile obviously meets the requirement of a lewd and lascivious act committed with the intent to arouse or gratify the sexual desires of the offender.
There were no other witnesses to these acts and defendant denied committing them. On cross-examination, the victim exhibited a problem with recall of the sequence of events. Also, a problem arose because the State failed to obtain a physical examination of the victim in an attempt to corroborate or confirm some of her allegations. There was a delay of approximately two weeks from the time the victim first told Michelle Hoyt about some of defendant's actions and the notification of the authorities, which further fueled the question of fabrication. Finally, the victim's mother and father were separated and in the process of a divorce when this occurred, and the defendant contended that the victim was alleging all of these acts of molestation in order to break up defendant and her mother, and reunite her parents.
As noted previously, it is the role of the fact finder to weigh the respective credibilities of the witnesses, and therefore, the appellate court should not second guess the credibility determinations of the trier of fact beyond the sufficiency evaluations under the Jackson standard of review. See State ex rel. Graffagnino, supra, citing State v. Richardson, 425 So.2d 1228 (La. 1983). In this case, the trial judge chose to believe the testimony of the ten-year-old victim. The factual determinations of the trier of fact are entitled to great weight and will not be disturbed unless contrary to the evidence. State v. Klar, 400 So.2d 610 (La.1981).
The evidence presented, when viewed in the light most favorable to the prosecution, established that the 40-year-old defendant committed lewd or lascivious acts in the presence of and upon the person of a ten-year-old with the intent of arousing or gratifying his sexual desires. The evidence further established that defendant succeeded by the use of influence by virtue of a position of control or supervision over the juvenile.

TESTIMONY OF DR. LONOWSKI
Defendant first argues that Dr. Lonowski did not possess adequate educational background or specialized training in child sexual abuse, and particularly in the area of the truthfulness or credibility of a victim of child sexual abuse.
Louisiana Code of Evidence article 702 permits a witness to testify in the form of an opinion if the witness is qualified as an expert by knowledge, skill, experience, training, or education. As was noted in State v. Prater, 583 So.2d 520, 523 (La. App. 3rd Cir.1991):
Witnesses testifying about opinions must establish, to the satisfaction of the court, that they are sufficiently knowledgeable about the subject on which they will testify. La.C.E. art. 702. Expert testimony is admitted because the expert is uniquely skilled at drawing inferences and conclusions, thereby helping the jury better understand the subject of his testimony. The competence of an expert is a question of fact within the sound discretion of the trial judge, and his rulings on the qualifications of an expert witness will not be overturned absent manifest error. State v. Davis, 445 So.2d 163 (La.App. 3rd Cir.1984).
Even if a witness is recognized as an expert, the trier of fact retains the right to accept or reject the expert's conclusions. State v. Prater, supra, citing State v. Hodges, 526 So.2d 1275 (La.App. 3rd Cir. 1988), writ denied, 532 So.2d 174 (La.1988).
Dr. Lonowski admitted that at the time he was receiving his degrees in clinical psychology 15 years earlier, the area of child sexual abuse was not an active field of study. As a result, most of his education and training in this area has come from attending workshops and training sessions, plus reading books and literature in this area of study. Shortly after his 1979 licensure as a clinical psychologist, Dr. Lonowski was retained as a consultant by the Child Protection Agency in Alexandria, and has worked yearly evaluating and treating *1058 hundreds of children who have been victims of physical, emotional or sexual abuse. Dr. Lonowski has been recognized as an expert in this particular area in the Ninth Judicial District Court. See also State v. Jeansonne, 580 So.2d 1010 (La.App. 3rd Cir.1991), writ denied, 584 So.2d 1170 (La. 1991).
After reviewing the evidence of Dr. Lonowski's experience and training, we conclude that the trial judge did not abuse his discretion in recognizing Dr. Lonowski as an expert witness in the field of clinical psychology.
The defendant further testified that the trial court erred in allowing Dr. Lonowski to testify about the veracity, or believability, of the alleged victim. Defendant contends that because Dr. Lonowski was allowed to testify that it was his expert opinion that the victim was telling the truth about defendant's acts upon her or in her presence, his testimony expressed an opinion as to the guilt or innocence of the accused, since the only other evidence against defendant was the testimony of the victim. La.C.E. art. 704 prohibits an expert witness in a criminal case from expressing an opinion as to the guilt or innocence of the accused. The State argues that Dr. Lonowski neither expressed an opinion as to defendant's guilt or innocence, nor as to the victim's truthfulness.
The first contested testimony came when Dr. Lonowski was asked to relate his first contacts with the victim and his determinations as a result of these meetings. Dr. Lonowski began to explain the objective findings and possible indicators of a bona fide case of sexual abuse. The first indicator which he noted was the victim's use of slang words to describe anatomical parts and sexual behavior which are not age appropriate. When the witness continued and said the victim "fit a pattern of credibility," the defense objected that the testimony went to the truthfulness or veracity of the victim. The trial judge overruled the objection, noting that the testimony did not give an opinion whether the victim was credible, but referred to one of the objective findings of the psychologist. The trial judge then stated that if the witness was asked his opinion of the victim's credibility, then defendant should re-urge the objection.
The psychologist then began to describe the numerous factors he considered in determining whether the child was in fact a victim of child sexual abuse. Although the witness testified that the victim was in all probability a victim of sexual abuse, he did not testify who abused her and, in particular, whether defendant abused her. The defendant did not object when the witness was asked whether the probability was very high that the child was in fact a victim of child abuse. Therefore, defendant's argument on appeal concerning this testimony should not be considered since it has not been properly preserved for appellate review. La.C.Cr.P. art. 841.
In child sexual abuse cases expert psychological testimony aids and enlightens the judge and jury in the area of abnormal behavior traits of victims of sexual abuse, an area which is beyond the understanding of the average lay person and assists the trier of fact in its search for the truth. State v. Gray, 533 So.2d 1242 (La.App. 4th Cir.1988), writ denied, 546 So.2d 1209 (La. 1989); and State v. Patrick, 513 So.2d 449 (La.App. 2nd Cir.1987), writ denied, 519 So.2d 140 (La.1988). As was noted in State v. Gray, supra, the purpose of the testimony of the expert witness is to provide a basis of knowledge, and background information on a subject. The judge's or jury's role is that of ultimate trier of fact, that is they relate the background knowledge from the expert to the facts established by evidence at trial, and thereby make a determination of guilt or innocence.
In a criminal case, the ultimate issue to be decided by the trier of fact is a defendant's guilt or innocence. Dr. Lonowski's testimony simply established that the victim was in all probability a victim of sexual abuse because she exhibited many of the behavioral traits and symptoms consistent with being a victim of sexual abuse. As with many cases in which the lewd or lascivious act is performed in the presence of *1059 the victim, there is not much physical evidence to corroborate or confirm the victim's allegations, and the testimony of the psychologist assists the trier of fact in understanding the behavior pattern of a child who may have been the victim of sexual abuse. It is one of many factors which is evaluated and weighed by the trier of fact in making the determination of a defendant's guilt or innocence.
Accordingly, Dr. Lonowski did not express an impermissible opinion as to the guilt or innocence of the defendant. Neither did he express an opinion as to the credibility of the victim's trial testimony. At most, Dr. Lonowski opined that the girl was a victim of sexual abuse based upon the factors and behavior patterns which were consistent with those of sexually abused children. Dr. Lonowski's statement that the victim fit a pattern of credibility did not concern her trial testimony, but concerned his determination that the victim exhibited so many of the behavior patterns consistent with victims of sexual abuse that he considered her allegations reflective of reality, and that the allegations were a product of a bona fide case of sexual abuse, and not a fabrication.
Accordingly, the trial court correctly allowed Dr. Lonowski's testimony to be introduced.

VICTIM TESTIMONY
Defendant next contends the trial judge erred when he interrupted the cross-examination of the victim and excused her while Dr. Lonowski testified. After Dr. Lonowski testified, the victim returned to the stand and completed her testimony. Defendant argues that he suffered prejudice because of the difference in the victim's testimony before and after the recess. Yet a comparison of the victim's testimony before and after the recess does not reveal any change in the substance of her testimony. The victim had problems with recall of the sequence of the acts of molestation. When she exhibited signs that she was on the verge of breaking down while on the witness stand, the trial judge stated for the record:
"BY THE COURT: All right, at this time the Court has recessed the testimony of [the victim] for the reason that the Court does not feel that she can continue, she got where she couldn't talk and she was very nervous, pulling and twisting on her clothing, and she would not answer questions, the Court feels that she is possibly on the verge of breaking down and I think that her testimony should be recessed, which we did, and we are calling other witnesses at this time out of order."
The psychologist who testified next agreed that the victim was exhibiting a form of post-traumatic stress disorder since she was "shaking, showing generalized, autonomic arousal, it was very clear she breaks down, she freezes and she blocks mentally." When the victim returned to the stand, she had regained her composure but was still unable to recall certain specifics about the acts of molestation.
Louisiana Code of Criminal Procedure Article 17 provides for the inherent judicial powers of the trial judges:
A court possesses inherently all powers necessary for the exercise of its jurisdiction and the enforcement of its lawful orders, including authority to issue such writs and orders as may be necessary or proper in aid of its jurisdiction. It has the duty to require that criminal proceedings shall be conducted with dignity and in an orderly and expeditious manner and to so control the proceedings that justice is done. A court has the power to punish for contempt.
As of January 1, 1989, Louisiana Code of Evidence Article 611(A) provided further:
A. Control by court. Except as provided by this Article and Code of Criminal Procedure Article 773, the parties to a proceeding have the primary responsibility of presenting the evidence and examining the witnesses. The court, however, shall exercise reasonable control over the mode and order of interrogating witnesses and presenting evidence so as to:

*1060 (1) Make the interrogation and presentation effective for the ascertainment of the truth;
(2) Avoid needless consumption of time; and
(3) Protect witnesses from harassment or undue embarrassment.
Code of Criminal Procedure Article 773 was amended to provide:
Neither the state nor the defendant can be controlled by the court as to the order in which evidence shall be adduced. The procedure for laying a foundation is provided in the Louisiana Code of Evidence.
The trial judge in this non-jury case was simply exercising reasonable control over the order of interrogating a witness who was no longer able to testify. By interrupting the cross-examination of the ten year old victim, the trial judge gave her an opportunity to regain her composure and her ability to respond to questions. This "recess" or procedure made the questioning and presentation of the victim's testimony on cross-examination more effective for the ascertainment of the truth. There is no evidence that the victim was coached in her responses during this recess, or that the timing of the recess deprived defendant of any beneficial impact of cross-examination. Trial counsel for defendant was considerate of the difficulty the ten year old victim was having trying to recall the acts of molestation, and none of the questions on cross-examination should be considered embarrassing or harassing. The unusual circumstances of this case required the trial judge to exercise his inherent judicial powers and interrupt the witness' cross-examination in order for her to regain her composure and her ability to respond to questions. The trial judge did not limit the scope of the State's or defendant's examination of the victim. We find no error in the judge's decision to interrupt the victim's testimony.

PHOTOGRAPHIC EVIDENCE
Defendant complains that the trial judge erred in admitting into evidence a series of sexually explicit photographs which were allegedly shown to the victim by the defendant.
In his appellate brief, counsel for defendant claims this was inadmissible evidence of other crimes since La.R.S. 14:91.11 prohibits the exhibition to minors of pornographic materials. At trial, counsel for defendant did not object on this ground, but objected that a proper foundation had not been laid by the State. In order to properly preserve an alleged erroneous ruling for appellate review, La.C.Cr.P. Art. 841 A provides that the objecting party must make known to the trial judge the basis for the objection and what action the party wants the trial judge to take. Further, this objection must be made timely. Because the basis for the contemporaneous objection differs from the basis for the argument on appeal, defendant's argument may not be considered. This new claim of inadmissible other crimes evidence cannot be presented for the first time on appeal, see e.g. State v. Harris, 414 So.2d 325, 327 (La.1982). Defendant has abandoned the claim of improper foundation by failing to brief it on appeal. Uniform RulesCourts of Appeal Rule 2-12.4.

HEARSAY EVIDENCE
Finally, defendant argues that the trial judge erred in allowing Michelle Hoyt to testify about the initial complaint of the victim. The basis of defendant's objection and argument on appeal is that the testimony was hearsay.
The definition of hearsay is provided in La.C.E. Art. 801 C, and Paragraph D of this article provides for the statements which are not hearsay. The pertinent provisions of this article state:
C. Hearsay. "Hearsay" is a statement, other than one made by the declarant while testifying at the present trial or hearing, offered in evidence to prove the truth of the matter asserted.
D. Statements which are not hearsay. A statement is not hearsay if:
(1) Prior statement by witness. The declarant testifies at the trial or hearing and is subject to cross-examination concerning *1061 the statement, and the statement is:
* * * * * *
(d) Consistent with the declarant's testimony and is one of initial complaint of sexually assaultive behavior.
La.C.E. Art. 801 D(1)(d) codifies and continues to recognize the admissibility of the original complaint of a young victim of sexually assaultive behavior made to another person at the first reasonable opportunity. Under the Code of Evidence, the testimony of Michelle Hoyt is not considered hearsay. Further, the fact that the victim told Ms. Hoyt the details of the defendant's acts of molestation over a period of time, rather than all at once does not remove the testimony of Ms. Hoyt from the provisions of La.C.E. Art. 801 D(1)(d). See State v. Komurke, 560 So.2d 986 (La.App. 4th Cir.), writ denied, 566 So.2d 982 (La.1990); State v. Garay, 453 So.2d 1003 (La.App. 4th Cir. 1984).
Accordingly, we find no error in the trial court's decision to allow Ms. Hoyt's testimony in this regard.

EXCESSIVE SENTENCE
Defendant next argues that the trial judge failed to comply with the sentencing guidelines and imposed an unconstitutionally excessive sentence.
In regard to defendant's assignments of error, La.C.Cr.P. Art. 881.1 provides in full:
A. (1) Within thirty days following the imposition of sentence or within such longer period as the trial court may set at sentence, the state or the defendant may make or file a motion to reconsider sentence.
(2) The motion shall be oral at the time of sentencing or in writing thereafter and shall set forth the specific grounds on which the motion is based.
B. If a motion is made or filed under Paragraph A of this Article, the trial court may resentence the defendant despite the pendency of an appeal or the commencement of execution of the sentence.
C. The trial court may deny a motion to reconsider sentence without a contradictory hearing.
D. Failure to make or file a motion to reconsider sentence or to include a specific ground upon which a motion to reconsider sentence may be based, including a claim of excessiveness, shall preclude the state or the defendant from raising an objection to the sentence or from urging any ground not raised in the motion on appeal or review. (Emphasis added).
A review of the record reveals that no motion to reconsider defendant's sentence was filed. The defense counsel merely objected to the sentence at the sentencing hearing. Thus, the defendant is precluded from raising the claim of excessiveness and failure to comply with the sentencing guidelines on appeal. State v. Gachot, 609 So.2d 269 (La.App. 3rd Cir.1992).
For the above and foregoing reasons, the conviction and sentence are affirmed.
AFFIRMED.