# STATE OF LOUISIANA

## COURT OF APPEAL

## FIRST CIRCUIT

### 2024 KA 0326

## STATE OF LOUISIANA

## VERSUS

## TRACI ANN SAUCE BURKE

Judgment Rendered: ___FEB 2 8 2025___

Appealed from the
16th Judicial District Court
In and for the Parish of St. Mary
State of Louisiana
Docket No. 2020-206935

The Honorable Lewis H. Pitman, Jr., Judge Presiding

M. Bofill Duhe
District Attorney
Walter J. Sennette, Jr.
Assistant District Attorney
Franklin, Louisiana

Counsel for the Appellee,
State of Louisiana

Richard A. Spears
New Iberia, Louisiana

Counsel for the Defendant/Appellant,
Traci Ann Sauce Burke

BEFORE: WOLFE, MILLER, AND GREENE, JJ.

**MILLER, J.**

The defendant, Traci Ann Sauce Burke, was charged by an amended bill of information with extortion, a violation of La. R.S. 14:66.[1] She initially pled not guilty, but later withdrew her not guilty plea and pled no contest. The defendant was sentenced to five years imprisonment at hard labor, with all but twenty months suspended, and three years of supervised probation with conditions, including the payment of a monthly supervision fee of $60.00 and court costs of $250.00. The trial court denied the defendant's motion to reconsider sentence. She now appeals, challenging the sentence. For the following reasons, we affirm the defendant's conviction and sentence.

## STATEMENT OF FACTS

As the defendant in this case pled no contest, forgoing a trial, the facts have not been developed. According to testimony presented at the sentencing hearing, the defendant procured the victim, Joseph Tabb, an attorney and member of her church, for pastoral counseling with regard to her marriage, separation, and child custody issues. One morning, the defendant called Tabb and told him she was not in her right state of mind to care for her child and asked him to come get the child. Tabb picked up the child and turned the child over to the defendant's husband, who obtained an order of custody. After an estimated four months of being threatened by the defendant, Tabb reported the defendant's behavior to the police. The State presented the following factual basis for the conviction at the Boykin[2] hearing: "If

---

[1] The bill of information also contains a charge of telephone harassment (count two), a violation La. R.S. 14:285. However, when the defendant pled no contest to the above offense, she maintained her not guilty plea to telephone harassment. Only count one, extortion, is before this court on appeal. According to the minutes, the defendant had not yet been tried on the offense of telephone harassment when the appeal in this case was lodged.

[2] In Boykin v. Alabama, 395 U.S. 238, 243, 89 S.Ct. 1709, 1712, 23 L.Ed.2d 274 (1969), the United States Supreme Court emphasized three federal constitutional rights that are waived by a guilty plea: the privilege against self-incrimination, the right to a trial by jury, and the right to confront one's accusers. Because a plea of guilty waives these three fundamental rights of an accused, due process requires that the plea be a voluntary and intelligent waiver of these rights in

the State would go to trial we would prove on or about October/November of 2019 in the Parish of St. Mary the defendant threatened [Tabb] that if she did not obtain custody of her minor son from her soon to be ex-husband at the time that she would expose [Tabb's] sexual activities namely through a video."

## SENTENCING

In her sole assignment of error, the defendant contends the trial court improperly considered, as an aggravating factor in imposing the sentence, the fact that she filed a complaint against Tabb with the Louisiana Attorney Disciplinary Board. The defendant asks this court to vacate the sentence on that basis, though she does not contend the imposed sentence is excessive or otherwise unconstitutional.

Pursuant to La. R.S. 14:66(B), whoever commits the crime of extortion shall be imprisoned at hard labor for not less than one nor more than fifteen years. The trial court sentenced the defendant to five years imprisonment at hard labor, with all but twenty months suspended, and three years of supervised probation. The trial court has great discretion in imposing a sentence within the statutory limits. Such a sentence will not be set aside as excessive in the absence of a manifest abuse of discretion. State v. Adams, 2023-0795 (La. App. 1st Cir. 3/22/24), 387 So. 3d 668, 675.

Louisiana Code of Criminal Procedure article 894.1 sets forth the factors for the trial court to consider when imposing sentence. Intertwined with an appellate court's power to review individual sentences is the duty of the trial court under La. C.Cr.P. art. 894.1(C) to state for the record the reasons for sentence. State v. Tompkins, 429 So. 2d 1385, 1388 (La. 1983) (on rehearing). The trial court should review the defendant's personal history, her prior criminal record, his family

---

order to be valid. A plea of no contest is equivalent to an admission of guilt and is treated as a guilty plea. State v. Oliver, 2020-0190 (La. App. 1st Cir. 2/24/21), 321 So. 3d 1033, 1037, n.5.

3

dependents, the seriousness of the offense, the likelihood that she will commit another crime, and her potential for rehabilitation through correctional services other than confinement. State v. Baker, 2023-0815 (La. App. 1st Cir. 4/19/24), 389 So. 3d 839, 843. While the entire checklist of Article 894.1 need not be recited, the record must reflect the trial court adequately considered the criteria. State v. Harris, 2022-1190 (La. App. 1st Cir. 6/2/23), 369 So. 3d 447, 451. The articulation of the factual basis for a sentence is the goal of Article 894.1, not rigid or mechanical compliance with its provisions. State v. Young, 2020-0049 (La. App. 1st Cir. 11/6/20), 315 So. 3d 904, 910, writ denied, 2020-01402 (La. 2/9/21), 310 So. 3d 177. Where the record clearly shows an adequate factual basis for the sentence imposed, remand is unnecessary even where there has not been full compliance with Article 894.1. Young, 315 So. 3d at 910-11.

On appellate review of a sentence, the relevant question is whether the trial court abused its broad sentencing discretion, not whether another sentence might have been more appropriate. Baker, 389 So. 3d at 843. When a trial court has complied with Article 894.1, the reviewing court will then focus its review upon whether the trial court has abused its large discretion. Tompkins, 429 So. 2d at 1388.

Both the United States and Louisiana Constitutions prohibit the imposition of excessive or cruel punishment. U.S. Const. amend. VIII; La. Const. art. I, § 20. Although a sentence falls within statutory limits, it may be excessive. State v. Sepulvado, 367 So. 2d 762, 767 (La. 1979). A sentence is considered constitutionally excessive if it is grossly disproportionate to the seriousness of the offense or is nothing more than a purposeless and needless infliction of pain and suffering. A sentence is considered grossly disproportionate if, when the crime and punishment are considered in light of the harm done to society, it shocks the sense of justice.

Herein, at the sentencing hearing, the State presented victim impact testimony by Tabb. During his testimony, Tabb stated the defendant threatened to contact the Louisiana State Bar Association, adding that she eventually did so. At that point, defense counsel objected, stating it was the defendant's right to report a complaint with the disciplinary board, that she should not be punished in that regard, and that the testimony was not relevant. The trial court agreed, stating the defendant had the right to file a complaint, and there was no need to go into the facts of the complaint, "other than that it was filed." The trial court allowed Tabb to explain the impact of the complaint. Tabb testified it caused him to hire a lawyer, stress, and worry, but noted the situation was resolved and confirmed he was still a member of the bar association and a practicing attorney. In later imposing the sentence, the trial court, in pertinent part, stated, "[t]he defendant went so far as to even file a complaint with the disciplinary committee governing the victim's employment." The trial court did not explain how these actions by the defendant were factored into the sentence and we will not assume the filing of the complaint ultimately enhanced the sentence.

In addition to its consideration of the above factor, prior to imposing the sentence the trial court noted it reviewed the sentencing guidelines under Article 894.1. The trial court noted the defendant is in need of correctional treatment that can be provided most effectively by commitment to an institution. The trial court further noted a lesser sentence would deprecate the seriousness of the defendant's crime. See La. C.Cr.P. art. 894.1(A)(2) and (3). The trial court considered that Tabb testified that during the course of their interaction, the defendant was found in violation of a protective order and eventually spent a few days in jail. However, the defendant's incarceration did not curtail the defendant's activities and actions towards Tabb and his family. Tabb also gave his opinion of what the sentence

should be, stating he felt the defendant needed to spend seven years in jail, which the trial court took into consideration.

In considering the factors relating to a suspension of the sentence and the imposition of probation, the trial court noted the case involved deliberate cruelty to the victim and significant permanent injury to the victim or his family. See La. C.Cr.P. art. 894.1(B)(1) and (9). Specifically, the trial court noted the defendant wanted Tabb to lose standing in the community, his job, and his church membership. The trial court further noted the offense involved multiple victims for which separate sentences have not been imposed, as Tabb at the sentencing hearing advised how it affected his wife during the time period that she was expecting their child and that their children were in fear. See La. C.Cr.P. art. 894.1(B)(11).

As mitigating factors in this case, the trial court noted the defendant did not contemplate that her criminal conduct would cause or threaten serious harm. See La. C.Cr.P. art. 894.1(B)(23). Further, at the sentencing hearing, the defendant's mental health provider advised the defendant showed remorse after her attorney explained that her actions consisted of criminal activity. The trial court further noted the defendant has no history of prior delinquency or criminal activity. See La. C.Cr.P. art. 894.1(B)(28). The trial court then imposed the sentence.

We note the defendant has not stated how her substantial rights were affected by the sentencing consideration at issue on appeal.[3] Pursuant to La. C.Cr.P. art. 921, a judgment or ruling shall not be reversed by an appellate court because of any error, defect, irregularity, or variance which does not affect substantial rights of the accused. The fact that the defendant filed a disciplinary

---

[3]The defendant simply quotes La. Sp. Ct. R. XIX § 12(A) and (B) (abrogated in part on other grounds, In re Warner, 2005-1303 (La. 4/17/09), 21 So. 3d 218), which provides, in part, that communications to the disciplinary board shall be absolutely privileged, no lawsuit predicated thereon may be instituted against any complainant, and the court may grant immunity from criminal prosecution to a witness in a discipline proceeding.

complaint against Tabb was only one of several factors considered by the trial court in imposing the sentence in this case. The trial court, in fact, confirmed the defendant's right to file such a complaint. The defendant does not even argue, nor do we find, that the consideration of this factor resulted in the imposition of an inappropriate sentence.

We find that the reasons articulated by the trial court are more than sufficient to support the defendant's sentence. The defendant does not argue, nor do we find anything in the record to suggest that the sentence is grossly out of proportion to the seriousness of the offense, nor does it shock this court's sense of justice. Thus, we find no abuse of the trial court's discretion in imposing sentence. Accordingly, her sole assignment of error lacks merit.

## PATENT ERROR REVIEW

On appeal, this court routinely reviews the record for error patent. Pursuant to La. C.Cr.P. art. 920(2), in conducting a patent error review, this court shall consider "[a]n error that is discoverable by a mere inspection of the pleadings and proceedings and without inspection of the evidence." State v. Anthony, 2023-0117 (La. App. 1st Cir. 11/3/23), 378 So. 3d 766, 775, writ denied, 2024-00027 (La. 5/21/24), 385 So. 3d 242. After a careful review of the record, we have found one patent error.

The record reflects that prior to ordering the defendant to pay a monthly supervision fee of $60.00 and prosecution cost of $250.00 to the district attorney's office, the trial court did not conduct a hearing under La. C.Cr.P. art. 875.1(C)(1), to determine whether the aggregate amount of the financial obligations would cause substantial financial hardship to the defendant or her dependents, nor did it waive judicial determination of such. Further, the defendant did not explicitly waive her right to a hearing.

7

Not all errors discoverable on the face of the proceedings are reversible errors. Whether a patent error, like other statutory error, requires reversal must be evaluated in light of the potential impact on the fairness of the proceedings. State v. Charles, 450 So. 2d 1287, 1291 (La. 1984); State v. Evans, 2023-1223 (La. App. 1st Cir. 7/2/24), 395 So. 3d 886, 893.

We note the monthly supervision fee imposed in this case is mandated by La. C.Cr.P. art. 895(A), when the trial court places a defendant on probation, to defray the costs of probation supervision. Moreover, the remedy provided in La. C.Cr.P. art. 875.1(D)(1)(b), a monthly payment plan to fulfill the financial obligations, is already in place. The only other financial obligation placed upon the defendant was a one-time fee of $250.00, for the costs of prosecuting the case.

We further note the defendant did not raise any issue or question regarding the fact that a supervision fee was imposed as a condition of her probation, or the fact that she was ordered to pay $250.00 for prosecution costs. Further, the defendant has not raised this issue on appeal. Additionally, the sentence was tailored to accomplish her release from incarceration after serving twenty months, well under fifty percent of her five-year sentence, and place her under supervised probation. Thus, we find the defendant was not prejudiced by the lack of a financial hardship hearing or waiver thereof in this case. Accordingly, any error in the trial court's failure to conduct a hearing or waive the judicial determination in accordance with La. C.Cr.P. art. 875.1(C)(1) and (2) is harmless in this case and does not require a remand for resentencing.

## CONCLUSION

For the above and foregoing reasons, the defendant's conviction and sentence is affirmed.

**CONVICTION AND SENTENCE AFFIRMED.**

8